## GRAHAM et v DAYTON MORRIS PLAN BANK

Ohio Appeals, 2nd Dist, Montgomery Co

No 1130.   Decided Jan 16, 1933

C. J. Graham, Dayton, for plaintiff in error.

Hollencamp & Lair for defendant in error.

**HORNBECK, J.**

The trial court during the term has control within the widest discretion respecting the opening up of judgments. The leading case in Ohio on recognized procedure respecting the vacation of judgments during term is **Metzger v Ziesler**, 13 **N.P.** (N.S.) 49. Thus, in this case it would have been the regular and approved practice to have tendered an answer along with the motion and the affidavit. However, such requirement could have been waived by the trial court and probably was. But, obviously, judgments taken by confession are authorized and must be given the standing and effect of any other judgment and they should not be lightly set aside and not unless and until it appears that some good reason exists requiring the vacation. No advantage can accrue to a defendant by the mere opening up of a judgment against him if it does not reasonably appear that he has a defense which if proven will prevent the judgment being reinstated against him.

In this case giving to the affidavit all of the legal effect that the facts import, namely, that there was an agreement collateral to the terms of the original note whereby there was to be an extender of the time of payment of half the amount due on the note if the other half was paid, it does not expressly appear nor can it be inferred from that which is set forth that there was any consideration for such an agreement as appears in the affidavit. Clearly no new consideration would be moving from the payee of a note to the maker thereof merely by an agreement to pay that which is due not when due but on a subsequent date thereto. The defense when urged by one against whom a judgment is standing must be clear and there must be no doubt that if true it states a defense at law. It is urged in the brief of counsel for plaintiff in error that the judgment was irregular and should have been set aside because not taken in open court but in chambers. We do not find the question made on the record as there is nothing whatever said about it in the affidavit and the attention of the trial court was not properly directed to this claim.

We cannot say that there was an abuse of discretion in the trial court refusing to vacate the judgment upon the meager and uncertain facts appearing in the affidavit. The judgment must therefore be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.