## MILLER v McGILL

Ohio Appeals, 2nd Dist, Franklin Co

No 2338.   Decided Nov 2, 1933

Miller, Miller & Snider, Columbus, for plaintiff in error.

B. W. Gearhart, Columbus, for defendant in error.

## OPINION

By BARNES, J.

On hearing, the court overruled defendant's request to open up judgment and permit the filing of answer. Thereafter motion for new trial was filed and overruled. A bill of exceptions is presented which purports to contain the proceedings attending the hearing on defendant's motion to open up the judgment and permit the filing of answer. This bill of exceptions contains nothing except the trial statement of counsel and questions and rulings by the court.

The answer as presented, if proven, contains a complete defense and under the circumstances we think the court was in error in not permitting same to be filed. The motion and proffered answer being presented before term was not controlled by §11631 GC.

"A court of general jurisdiction, such as the Common Pleas Court, has control and supervision of its own judgments, at least during the term at which they are rendered, which control may be exercised, within the sphere of sound discretion, as an inherent and plenary right founded upon common law."

Ohio Jurisprudence, Volume 23, (Judgments), §959.

The sole and only question for the determination of this court is whether or not there was an abuse of discretion on the part of the trial court in refusing to open up the judgment and permit defendant to file answer and make defense.

In proceedings to open up and permit defense after term, we find an abundant authority authorizing such opening up in cases similar to this, and certainly nothing less should be allowed on motion to open up during term.

It is not the province of the court to conduct a hearing on the merits of the proffered answer, but rather he should confine himself as to whether or not it states a defense.

We think the court was in error in not opening up and permitting answer to be filed. Exceptions will be allowed to the defendant in error.

HORNBECK, PJ, and KUNKLE, J, concur.