**CANAL WINCHESTER BANK v EXLINE et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2826.   Decided Nov 30, 1938

consideration, namely, $200.00, on November 16, 1936. Judgment was entered September 29, 1937.

In January, 1938, during the term in which the judgment was rendered, the defendants moved for its suspension on the grounds that it was taken upon a warrant of attorney and defendants were not summoned or otherwise legally notified of the time and place of the taking of such judgment; that the judgment was taken for more than was due the plaintiff, and that there was a failure of consideration for the note. With the motion there was filed an answer. The court being of opinion that the answer did not state a valid defense to plaintiff's action overruled the motion to suspend the judgment and thereafter defendants filed an amended answer in which there was set up a defense of partial failure of consideration and a further defense as follows:

"That the plaintiff is not a holder of said $200.00 note in due course, in that plaintiff did not take said note in good faith nor for value."

The court upon consideration of the amended answer held that it was insufficient and overruled the motion to suspend the judgment. The entry journalizing the action of the trial judge stated.

"Upon consideration thereof (namely the motion to suspend the judgment) and the memoranda in support of the same and the answers tendered therewith and the memorandum opposing the same, the court finds that said motion is not well taken, and the same is accordingly hereby overruled."

Wilson & Schneider, Columbus, for plaintiff-appellee.

Tussing & Lane, Columbus, for defendants-appellants.

Defendants having interposed a motion for a new trial, the court also overruled that motion. An appeal on questions of law is prosecuted. There are five assignments of error but they may be epitomized under the claim that the court erred as a matter of law in refusing to suspend the judgment against the defendants.

Upon the face of the petition it appears that the plaintiff was a holder in due course of the note sued upon. The defense of partial failure of consideration

could only be urged against the plaintiff if and when its prima facie right to recover a judgment by the introduction of its note was met with proof that it was not the bona fide holder of the note for value before due.

**OPINION**

By HORNBECK, J.

Plaintiff's action against defendants was predicated upon a cognovit note. The petition was in the short form and judgment taken on the warrant of attorney. The petition averred that the plaintiff acquired the note from the payee for valuable

The right to open up the judgment was predicated upon sub-heading 9 of §§11631 and 11637 GC. §11631, GC, sets forth the

causes for the vacation or modification of orders or judgments after term but it has long been recognized that any **Headnote 2.** cause which will justify the opening up of a judgment after term will support such action during term although in the latter situation the trial judge is not necessarily confined to the causes set forth in §11631, GC, but has certain inherent power over and beyond that found in any statutory enactment. **23 O. Jur. 1117.**

Sub-heading 9 of §11631, GC, provides as a ground for vacating or modifying a judgment,

"for taking judgments upon warrant of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

It appears from the transcript of the pleadings and journal entries that the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment because it was taken upon cognovit form of note and by virtue of the warrant of attorney in said note.

It is necessary to the suspension of the judgment that it also appear that the judgment was taken for more than ▮▮▮▮▮▮ was due the plaintiff and further that under §11637, GC, there was a valid defense to the action in which the judgment was rendered.

We have the benefit of a short opinion of the trial judge in which he assigns as his reason for denying the motion that the tendered amended answer that the plaintiff was not a holder of the note in due course in that it did not take it in good faith nor for value, did not state a valid defense but at best was but a conclusion of law. The journal entry overrules the motion generally.

Counsel for appellees insist that in this determination the reason assigned therefor was correct and that the action cannot be set aside in this court for the further reasons that,

"The Court of Common Pleas was within its discretionary power in denying appellants' motion to vacate a judgment."

And,

"Appellants have no right to appeal from an order within the discretion of the Common Pleas Court."

We have heretofore referred to **Metzger v Zeissler et,** 13 O.N.P. (N.S.) 49, with ap-proval. The first two propositions of the syllabus of this case determine that with the motion setting forth grounds for vacation of the judgment the defendant should by affidavit or orally or by both methods present his evidence in support of the motion, §11636, GC. The third syllabus is pertinent to the proper procedure here,

"At the same time the defendant should proffer a verified answer to the petition setting forth **affirmatively** facts showing nonliability in whole or in part. If the answer does not state facts, which, if established, would constitute a defense to the claim, the proceedings will be treated as at an end and the judgment will not be disturbed * * *." (Emphasis ours).

It should be borne in mind that the requisites of a valid defense to a cause of action in a proceeding to open up an existing judgment may be different than when filed within rule and before judgment. Before judgment a defendant is well within his rights in setting up in his answer a general denial of the averments of the petition but such pleading should not be permitted in a proceeding to suspend or vacate a judgment. So that what may be a defense before judgment may be entirely inadequate and insufficient to warrant an adjudication under §11637, GC, that there is a valid defense to the action upon which judgment has been taken. In the light of this announcement of principle the averments of the amended answer should be considered.

In our judgment the trial court was correct in the determination that the allegation of the amended answer that the plaintiff was not a holder of the ▮▮▮▮▮▮ note in due course, in that it did not take it in good faith nor for value was nothing more than a conclusion of law. Bates' New Pleading, Practice, Parties and Forms, Volume 2, 1124 cites and comments with favor upon **Voorhees v Fisher,** (Utah) 34 Pac. 64 wherein it was held,

"that 'the plaintiff is not an innocent holder for value' is a mere conclusion and will not sustain proof of want of good faith; the facts should be distinctly averred,"

and from **Underwood v Quantic,** 85 Kan. 111, holding that

"a denial that the payee 'for value endorsed and transferred said note to plaintiff' does not deny his title."

In 49 C. J., it is said,

"An averment that one is or is not an innocent purchaser, or bona fide holder; that possession was taken in good faith, or in bad faith; or that before maturity a note lawfully came into the possession of plaintiff for value, is a conclusion of law."

In Phillips Code Pleadings, 339,

"In actions on negotiable instruments an allegation that plaintiff is not the bona fide holder is not sufficient. The facts showing the male fides should be stated."

We are cited to two cases decided by this court, Miller v McGill, 15 Abs 511, and Graham v Dayton Morris Plan Bank, 13 Abs 618. Considered in the light of the facts there is no divergence of holding nor inconsistency. in the adjudication in these cases. The court in the Miller case reannounced the principles that during the term the trial court had control and supervision of its own judgments and may control them within the sphere of a sound discretion and further that the only question for determination of this court upon error prosecuted from the refusal of the Court of Common Pleas to open up a judgment and to permit an answer to be filed within the term in which the judgment is rendered is whether or not there was an abuse of discretion on the part of the lower court. We there held that the answer clearly, within the spirit of §11637, GC, stated a valid defense, and by force thereof the court abused its discretion in not suspending the judgment. In the Graham case, supra, we said that judgments taken by confession must be given the standing and effect of any other judgment and are not to be set aside unless and until it appears that some good reason exists requiring vacation; that the court must be satisfied that the defense urged as a ground for vacating a judgment, if true, states a defense at law.

We · re-state the requisite procedure to suspend a judgment during the term in which it is taken.

If any of the grounds set forth in §11631, GC, are assigned as a reason for the action sought, then it is necessary first that the court find that the ground set forth in the motion is well made and further that the provision of §11637, GC, has been met. With the motion an answer should be tendered for filing. §11637, GC, says that a judgment shall not be vacated on· motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered; that this adjudication is requisite to the suspension of a judgment has been held many times in Ohio. Follett v Alexander, 58 Oh St 202, Lee v Benedict, 82 Oh St 302, Watson v Paine, 25 Oh St 340. This section relates to procedure to open up judgments during as well as after term as is manifest by the use of "motion or petition", a motion being the proper form during term and petition after term.

Obviously the prerequisites to an adjudication of a valid defense require more than a general denial of the averments of the petition which would be sufficient to state a defense before judgment. It is essential that the judge, who is called upon to suspend the judgment, must have enough factual information before him to require determination that the defendant has a valid defense. If the party moving to suspend the judgment can within the rules of pleading set out in his answer sufficient facts to apprise the court that he has a defense, this should be done and the adjudication can be made upon the averments of the answer. If, to set forth enough facts to disclose his defense, he would offend the rules of· pleadings by setting them out in his answer, then they should be brought to the attention of the court` by evidence orally or·by affidavit. Unless the defense is a sham the test which the court should apply to the facts is whether or not, if true, they state a complete defense in part or in whole to the cause of action set forth in the petition.

If the facts before the court require the adjudication that the mover has a valid defense to the action upon which the judgment was taken, the court should so find and this should be incorporated in an entry suspending the judgment and the cause then stands on the docket until the issues are tried and determined.

Applying the tests heretofore stated to the averments of the answer under consideration by the trial judge in this case, it may properly be said that they did not state such a defense as is contemplated by §11637, GC. This is true whether or not the averments of the answer would have been· sufficient if plead before judgment taken. The allegations that the plaintiff is·not a holder of the note in due course, if made before judgment, would at the most do no more than to put the plaintiff on proof as to the essentials of its case and

amounts to nothing more than a general denial.

Judgment affirmed.

BARNES, PJ, and GEIGER, J, concur.

## ON APPLICATION FOR REHEARING

Decided Jan 3, 1939

By THE COURT

Submitted on application of defendants-appellants for rehearing. The memorandum accompanying the application again urges consideration and different determination than we reach in our original decision. Further discussion of the principles controlling the decision in this case would add nothing to that which we have already said. The application will be denied.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.