**FRENCH v FRIESINGER et**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1577. Decided May 21, 1941

Joseph W. Sharts, Dayton, for plaintiff-appellant.

Nolan, Beigel & Mahrt, Dayton, for Ruth Friesinger, Exrx.

**OPINION**

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court in favor of defendant-appellee and. dismissing petition of plaintiff-appellant.

The following errors are assigned,

(1) In vacating the default judgment upon motion of defendant "for irregularity".

(2) In vacating said judgment upon motion, without first requiring defendant to show and prove a valid defense.

(3) In sustaining motion to dismiss on the ground therein stated.

(4) In overruling plaintiff's motion for new trial and giving final judgment for defendant.

We shall not attempt to set forth the history of this case in chronological order. which dates from December 3. 1932, but only present and discuss such facts,

pleadings and orders as are necessary to the immediate questions presented.

The action originally proceeded against Elizabeth Friesinger and John Friesinger. To the first three petitions filed, demurrers were interposed and sustained on behalf of both defendants.

On June 14, 1937, a fourth amended petition was filed to which defendant, Elizabeth Friesinger only, filed her answer. Thereafter, upon the suggestion that Elizabeth Friesinger had died and Ruth Friesinger was her duly appointed, qualified and acting executrix, on motion of the plaintiff, it was ordered that Ruth Friesinger, as executrix and heir of the deceased show cause by June 18, 1938, why the action should not be revived against her. Service was directed upon the motion and duly made. Thereafter on June 23, 1938, an entry was filed to the effect that the conditional order of revivor having been duly served upon the said Ruth Friesinger and no cause having been shown against said revivor, "it is hereby ordered that this action stand revived in the name of the said Ruth Friesinger, executrix. and heir of the said Elizabeth Friesinger, deceased", as aforesaid and proceed against her and thereafter on August 8, 1938, a judgment entry was filed finding that Ruth Friesinger had been served with conditional order of revivor, that the action stood revived in the name of said Ruth Friesinger and that she was found to be in default for answer and demurrer. The court finds that the allegations of the plaintiff's fourth amended petition are confessed by the said Ruth Friesinger to be true and that the plaintiff is entitled by reason of the premises to recover damages from said defendant, and it is ordered that the case be sent to a jury to ascertain and assess the same.

Thereafter, on August 18, 1938, defendant Ruth Friesinger, executrix of the estate of Elizabeth Friesinger moved the court to vacate the default judgment theretofore entered for irregularity in obtaining said judgment order. This motion was sustained.

Ruth Friesinger, as executrix, etc., answered the fourth amended petition and the cause came on for trial to a judge of the Common Pleas Court, without intervention of a jury, who found for the defendant and entered judgment in her behalf. and dismissed the fourth amended petition.

An appeal on questions of law and fact was noted. It was afterwards determined in this court that such appeal could proceed only on questions of law. Time was fixed within which the bill of exceptions could be settled and allowed in the trial court, but no such bill was filed. So that, the errors which are brought to our attention may only be considered if they are found to be exemplified upon that which is before us, namely, the pleadings and the transcript of the docket and journal entries.

Many interesting and technical questions of procedure are presented and well argued by counsel as to which, if determinative, the court would have considerable difficulty.

Insofar as we can learn from the motion of the executrix to vacate the default judgment, it was predicated upon the claim that it was irregular in that there was not first spread upon the record a conditional order of revivor followed later by the order of revivor. Such procedure would be sound and appropriate under §11403 GC. It is said in Wiles Journal Entries Page 59, citing Hamilton v Sals, 1 W. L. M. 403, that it seems to be the contemplation of the statutes that in all cases of revivor of actions, except where it is done by consent, notice must be given to the adverse party or parties, with an opportunity to object and that there is hardly a conceivable case where an action can be safely revived except by consent without a full opportunity be given for any and all parties to be heard against it.

But the objection is not well made here because, although two entries were not spread upon the record, the defendant was put on notice by the service of the copy of the motion that she would be required to show cause by

date fixed why the action should not be revived against her and this to all intents and purposes preserved her right to appear and object to the revivor. The entry of revivor expressly finds that she was given time within which to object and that no cause had been shown against the revivor. In this situation, we can find no prejudice resulting to the defendant, executrix, in the order of revivor as made and if that alone was the basis of the vacation of the judgment, we would hold that it was erroneous and prejudicial.

We come then to the next part of the default judgment entry, as to which it is claimed the court erred in that there was no observance of the provisions of §11637 GC because no adjudication was made that there was a valid defense to the action in which the judgment was rendered and that the court further erred in unconditionally vacating the judgment instead of suspending it.

This §11637 is found in Chapter 6 entitled "OTHER RELIEF AFTER JUDGMENT" and follows closely §11631 which treats of vacation or modification of judgments after the term at which made.

So that, we are immediately confronted with the query whether §11637 has application to judgments vacated during term.

In Cincinnati v Archiable, 4 Oh Ap 218, the court held that a trial judge is without discretion to set aside a default judgment, even during the term at which it was rendered, without first requiring the defendant to show a valid defense and to set it up before an order is made setting aside the judgment.

Daugherty v Wilson, 14 Abs 655, determines that §11637 GC has no application to the vacation of a judgment during term.

It is held in Higinbotham v Atwater, 12 Oh Ap 83, that the section has no application to the vacation of a default judgment during term and within three days after judgment was rendered.

To like effect Metzger v Zeissler, 13 O. N. P. (N.S.) 49.

We have discussed at considerable length the proper procedure incident to the vacation of a default judgment in Canal Winchester Bank v Exline, 28 Abs 327, 330. There are many cases, which we shall not take the time to cite, holding that in proceedings under §11637 GC the entry should provide for suspension of the judgment and not for absolute vacation. We are of opinion that the question before us may be determined as it effects the errors assigned without following one or the other of the line of authorities which we have heretofore cited.

Upon that which is before us, it appears that no answer was tendered with the motion to vacate the default judgment and no adjudication was made that there was a defense to the judgment.

However, it appears that the default judgment entry was irregular and invalid to an extent which supported the action of the court in setting it aside for the reason that its basis, if it is a judgment, is that Ruth Friesinger confessed the allegations of plaintiff's fourth amended petition to be true and that, therefore, the plaintiff is entitled to recover damages against the defendant, Ruth Friesinger, as executrix of Elizabeth Friesinger, deceased. It is fundamental that the confession by Ruth Friesinger as an individual of the truth of the allegations of the fourth amended petition would not support a judgment in any form against her in her capacity as executrix of Elizabeth Friesinger. Then too, there is a very substantial question whether or not the default judgment entry is more than a finding entry.

Upon that which is before us, we can not say that the court erred in vacating the so called default judgment because, under the inherent power vested in the court to set aside its own judgments during term, it was evident that the default judgment could not be the basis for further procedure to assess damages against the defendant, exe-

cutrix. It is possible, upon the state of the record, that the court considered other matters upon the motion to vacate the judgment which were brought to its attention in factual form.

The final assignment of error is directed to the action of the court in passing upon plaintiff's motion for new trial upon determination of the cause on its merits. The finding and judgment of the court was predicated solely upon the proposition that the plaintiff did not sustain the burden of proof enjoined upon him. Obviously this requires a consideration of the evidence and the weight thereof, which is not before us because we do not have a bill of exceptions.

Judgment affirmed.

GEIGER, PJ. and BARNES, J., concur.