OPINION
By HORNBECK, J.
This cause has been submitted on questions of law and fact after the presentation of a transcript oí the testimony of 681 pages taken, originally in this court, oral presentation and extended briefs. We have read every line of the testimony and given our best attention to all of the issues presented. In this court for the first time was urged the question of the consideration moving from the plaintiff to the defendant which would *521 support the enforcement of the . claimed contract asserted by the plaintiff.
The defendant is the assignee of the Superintendent of Banks for the State of Ohio on behalf of the Delaware Savings Bank Company of Delaware, Ohio, in liquidation, and took by said assignment the eight notes and mortgages securing them described in the petition, together with the lease between the defendant and the Kuenzli Quarries Co., Inc., which had been assigned to said bank by the defendant and upon which royalties have accrued in the sum stipulated in the record. It is claimed by the plaintiff that for the consideration of $1200.00, less a credit of the amount of royalties paid to the date of settlement on the Kuenzli Quarries Company lease, on or before January 1, 1940, the defendant was to deliver the notes, mortgages and claims set out in the petition to the plaintiff and to release him and his wife from any liability whatever thereon; that tender had been made by the plaintiff to the defendant according to the terms of the agreement but that the defendant had refused to perform its obligation under the contract. The action is for specific performance together with other relief specifically prayed.
At the time that the agreement was made upon which plaintiff predicated his cause of action the defendant by the aforesaid assignment had taken over and was possessed of the notes and securities formerly owned and held by the Delaware Savings Bank Company of Delaware. The indebtedness was liquidated in amount. There was no dispute as to the liability. Likewise the assignment of the Kuenzli Quarries Company lease was complete and the obligation of the defendant with respect thereto was fixed and undisputed. By the settlement proposed plaintiff was agreeing to pay a part only of the total liquidated indebtedness due by him to the defendant and was in nowise increasing his obligation under the assignment of the Quarries Company lease. The agreement was executory in that the defendant refused to complete the obligation which it is asserted was enjoined upon it by the agreement. The whole trancaction, then, assuming that the plaintiff has established his agreement as asserted in the petition, and full compliance therewith upon his part, only constitutes an executory agreement on the part of a creditor to accept in payment and full satisfaction of a liquidated claim .a sum less than the amount of such claim, without any additional consideration to support such an agreement. Such an agreement is recognized both by the majority and minority opinion in the Supreme Court in Gholson v Savin, 137 Oh St 551, as unenforceable. To like effect are Insurance Company v Burke, 69 Oh St, 294, 307, Toledo v Sandwald, 13 O. C. C. 496, and in this court Graham v Dayton Morris Plan Bank, 13 Abs 618. The rule is subject to criticism which was expressed in the majority opinion in Gholson v Savin, but, notwithstanding, it has not been modified or changed and is controlling in Ohio.
We would have preferred to decide this case solely upon the merits of the factual issues, but, being satisfied that the judgment must be determined upon the foregoing question of law, we are required to give it application.
The finding and judgment of this court will be for the defendant with costs and a dismissal of plaintiff’s petition.
GEIGER, PJ., BARNES, J., concur.