**KRAMER REALTY COMPANY, Plaintiff-Appellee v. GLANDER, Defendant-Appelalnt.**

Ohio Appeals, Second District, Montgomery County.

No. 1772.   Decided July 26, 1943.

Mathias H. Heck, Dayton, for plaintiff-appellee.
D. H. Wysong, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal from a judgment of the Common Pleas Court affirming an order of the Municipal Court of the City of Dayton overruling the motion of the defendant to set aside a default judgment taken on behalf of the plaintiff in said court.

There were three errors assigned in the Common Pleas Court. There are four assigned here. In this court they are as follows:

(1) In granting judgment to plaintiff in defendant's absence and on the testimony offered by the plaintiff, Louisa Kramer, as she admitted the defendant had offered or tendered the rent to her and that she had refused the same on different times.

(2) Error in not dismissing the plaintiff when the evidence of the plaintiff failed to establish that the notice was served on the defendant.

(3) Judge Stewart erred in overruling the motion for a new trial or even considering the motion, as he was not the trial judge, and could not do anything but sustain said motion.

(4) Procedure of the trial and the judgment rendered was erroneous and against the intent and purpose of the federal fair rent control act and void.

All assignments but the second were presented on the appeal in Common Pleas Court. The motion, the overruling of which is the basis of the appeal, is headed "Motion for New Trial", but reads, "Now come the defendants and move the court for an order **to set aside and hold for naught the default judgment taken herein,** for the reasons: (emphasis ours)

(1) That the defendants were not notified of the time set for trial.

(2) That they had a good and valid defense in this that they always were ready to pay their rent on or before the first of each and every month, but the plaintiff refused to receive the rent for the month of September; then, the month of Oc-

tober; then, the month of November and December, 1942, all of which the plaintiff refused to accept."

Following the signature of counsel for defendants to the motion the following subject matter is added: "The defendants have their statement of defense ready to file upon the hearing of this motion." There is nothing in the transcript of docket and journal entries nor in the Bill of Exceptions to indicate that such statement of defense was tendered for filing in the trial court.

The notice of appeal to the Common Pleas Court was indicated as upon questions of law and fact. Counsel, however, presented his case in the Common Pleas Court by briefing it and setting up assignments of error, indicating that the appeal was on questions of law. The entry in the Common Pleas Court makes a finding as though the case was heard de novo, but the judgment proceeeds as though the appeal was on questions of law, and the judgment of the lower court is affirmed, which is the form of judgment on an appeal on questions of law.

There is a Bill of Exceptions in the files from which it appears that neither defendant nor his counsel appeared at the hearing, which was upon an action for forcible detainer of certain real estate in the City of Dayton of which the plaintiff was the landlord and the defendant, the tenant. Although there was default for pleading and appearance on the part of the defendant, the trial judge who was the Honorable William H. Wolff, took the testimony of Louise Kramer, an officer of the plaintiff company. She testified that she served on the defendant and his wife a notice to quit the premises, and a copy of the notice was offered in evidence. She also testified that the Glanders were in arrears for rent for the months of September and October, 1942; that she had asked them to move, after which they came down and offered to pay the rent for the two months; that they were also in arrears for November and that on November 6, 1942, she notified them by letter, copy of which is introduced in evidence, that unless they paid the rent for the months of September, October, November and December, she would consider them in default for rent; that the defendant did not come in and offer to pay the rent until after the suit to eject him had been filed.

Upon the evidence the court made a finding and entered judgment for the plaintiff and for restitution of the premises. This judgment was entered on December 9, 1942, and on December 11, 1942, the motion of defendant, which we have heretofore set forth, was filed. On the 21st day of December, 1942,

the Honorable Clarence J. Stewart, a Judge of the Municipal Court, Civil Division of the City of Dayton, other than the trial judge who entered the order of restitution, took the testimony proffered by the defendant on the motion heretofore set out. The evidence on behalf of the motion was offered in the person of the defendant and was to the effect that when he was in arrears for $48.00 for September and October, he tendered this sum to the plaintiff; that he had no other or further notice as to the November rental.

At the conclusion of the testimony, of date December 21, 1942, the matter was continued until December 23rd, at 10:00 o'clock A. M., at which time the record discloses that neither the defendant nor his counsel appeared, and the motion was overruled.

It seems almost impossible that such a simple set of facts could present as many questions as are projected from this record. We propose only to discuss a limited number, and only those presented by the properly assigned errors.

Inasmuch as the trial judge had jurisdiction, if the appeal was on questions of law, there could be presented to the reviewing court only such errors as were urged in the trial court.

Is the motion under consideration a motion for a new trial? The Municipal Court of Dayton is given special jurisdiction in all actions in forcible entry and detainer under §1579-51 GC. No special procedure is set forth regulating the trial of forcible entry and detainer causes in said court. The Municipal Court of Dayton Act, §1579-63 GC, provides that:

"In all causes the Municipal Court shall have authority to set aside a verdict or judgment, and to grant a new trial, for the same causes and following the same procedure which now is or hereafter may be prescribed for the Courts of Common Pleas in causes within their original jurisdiction."

The statutory provisions relating to forcible entry and detainer, §10447 et seq. GC, grant special jurisdiction to justices of the peace in said causes and the trial procedure in such actions is set forth with considerable detail. There is, however, no special provision relating to the granting of a new trial under the sections of the Code relating to forcible entry and detainer. The general provision respecting a new trial before a justice of the peace, §10352 GC, provides that,

"The justice before whom a cause has been tried, on motion, and being satisfied that the verdict was obtained by fraud,

partiality or undue means, at any time after the entering of judgment, may grant a new trial."

An analysis of the foregoing sections discloses that, if the procedure as to the granting of a new trial in forcible entry and detainer causes is set forth in §10352 GC, then the motion in the instant cause might be treated as a motion for a new trial. If this section did control, then none of the grounds set out in the section to support the granting of a new trial is set forth in the motion. It is our judgment, that the jurisdiction of the Municipal Court in forcible entry and detainer causes is grounded upon §1579-51 GC, and that the procedure incident to the presentation, consideration and adjudication of a motion for new trial in said court is set out in the Municipal Court Act in §1579-63 GC.

We reach the conclusion that the motion could not answer the office of a motion for a new trial even though it sets forth two grounds for the granting of such motions under §11576 GC, namely,

(1) Irregularity in the proceedings of the Court * * * by which the defendant was prevented from having a fair trial.

(6) That the verdict, report, decision is not sustained by sufficient evidence, or is contrary to law.

These grounds can not be given application for the obvious reason that at the time the motion was filed, a judgment had been entered on behalf of the plaintiff and against the defendant. So that, at the outset we must treat the motion as one to vacate a judgment.

The first ground of the motion is that the defendants were not notified of the time set for trial. There is not a scintilla of evidence which tends to support this claim, although the opportunity to offer testimony in support of it was afforded defendant at the hearing on the motion on the 21st of December, 1942.

The second ground is that the defendant has a good and valid defense. It is doubtful if in the evidence of the defendant there is support for this claim, but, if so, there is no showing whatever that he was precluded from setting this defense up at the time of the original trial. Unless and until this appears there is no sound basis for opening up the judgment.

The motion to open up the judgment coming during term,

the action of the court in refusing to vacate may not be set aside except for abuse of discretion, which is not charged, and there is nothing to indicate such abuse.

Although we do not assert that it is mandatory that a party who moves to vacate a judgment shall tender with the motion an answer disclosing a defense to the plaintiff's cause of action, it certainly is good practice and was so recognized by counsel for the defendant. **Canal Winchester Bank v Exline, 28 Abs 327.** Such answer was not forthcoming.

It is urged in this court and it was urged in the Common Pleas Court, that there was prejudicial error in the Municipal Court for a judge of that court, other than the trial judge, to hear and determine defendant's motion. If the motion was for a new trial, there might be some basis for this contention, if at any time in the trial court the defendant noted any objection to a judge, other than the trial judge, hearing the motion. No such objection appears in the record.

If defendant had been present at the original hearing, either in person or by counsel, the finding and judgment might have been different for several reasons which occur to us as we examine the record, but this was the juncture in the case at which time the defendant, without any reasonable excuse appearing, neglected to avail himself of his right to appear in open court and defend.

We find no error properly assigned, established. The judgment will be affirmed.

BARNES, P. J., and GEIGER, J., concur.

## APPLICATION FOR REHEARING

No. 1772. Decided September 2, 1943.

Mathias H. Heck, Dayton, for plaintiff-appellee.
D. H. Wysong, Dayton, for defendant-appellant.

BY THE COURT:
Application for rehearing denied.

BARNES, P. J., HORNBECK and GEIGER, JJ., conur.