**MORRISON, Plaintiff-Appellant v. BAKER, Exrx., Defendant-Appellee.**

Court of Appeals, Second District, Franklin County.

No. 3733. Decided July 5, 1944.

David T. Keating and David A. Peiros, Columbus, Ohio, for Plaintiff-Appellant.

Forrest R. Detrick, Worthington, Ohio, for Defendant-Appellee.

## OPINION

By THE COURT:

We find among the files a motion of appellee to dismiss the appeal for the reason that "as of June 2, 1944, the docket does not disclose the filing of a bill of exceptions and such bill of exceptions is not available in the court file and the brief of the plaintiff-appellant was not filed herein until May 22, 1944, after the filing of the notice of appeal on March 22, 1944". No bill of exceptions has been filed and. at least as to some of the errors assigned, it is not necessary.

The briefs are not filed within the time fixed by Rule VII of this Court. The motion to dismiss will be sustained.

Another question is projected by the transcript.

The appeal is noted as upon questions of law from the following order of the Common Pleas Court, dated March 3, 1944:

"This day this cause came on to be heard on the motion of plaintiff for a rehearing of the decision of the court rendered on the third of January, 1944, adhering to its former judgment sustaining the motion of defendant filed in the September term, 1943, to vacate the judgment rendered by default in favor of the plaintiff and against the defendant in the April term, 1942, and the court being fully advised in the premises, finds the motion of plaintiff for rehearing to be not well taken and overrules it. The former decision of the court of January the third is adhered to, Plaintiff then and there excepted and still excepts."

The notice of appeal, dated April 22, 1944, is directed to the aforesaid order and judgment of the Court of Common Pleas journalized on the 3rd day of March, 1944, etc.

Sec. 12223-2 G C provides:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, or an order vacating or setting aside a general verdict of a jury and ordering a new trial, is a final order which may be reviewed, affirmed, modified or reversed, with or without retrial, as provided in this title."

We are immediately confronted with the question whether the order here under consideration comes within the classification of any of the proceedings mentioned in the quoted section constituting a final order. We are unable to conclude that it is.

Sec. 12223-7 G C provides that the appeal shall be perfected by the filing of a notice of appeal within twenty days after the entry of the order, judgment, or decree, or other matter for review within which the appeal shall be perfected but, that, if a motion for new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial.

The order of March 3, 1944, was merely the overruling of the motion of plaintiff for a rehearing on a decision rendered January 3, 1944. The entry further recites that in said action the Court adhered to its former judgment sustaining the motion of defendant-appellee to vacate a judgment rendered by default against him. It thus becomes obvious that the only judgment entered in the case was made prior to January 3, 1944. It is likewise apparent that if a motion for new trial was proper the application for rehearing must be found to serve that purpose, and must be filed within three days after the journalizing of the order to which the application is directed. We do not find in the transcript of docket and journal entries the formal application of plaintiff-appellant for rehearing. However, as of February 29, 1944, we find an opinion of Judge King wherein he overrules the motion of plaintiff for rehearing on his former order vacating the judgment. This establishes the fact that the application for rehearing, or at least one application for rehearing, was filed prior to February 29, 1944, and likewise establishes, that the application for rehearing could not have been filed as a motion for new trial within the statutory period of three days after the entry of vacation of judgment.

Thus there appears upon this record two reasons why this Court has no jurisdiction to entertain this appeal, first, because it is not directed to any judgment or final order, and secondly, the application for rehearing, if treated as a motion for new trial, was not filed within statutory time and its overruling would not afford the date from which the right to file the notice of appeal would begin. In this situation we are without power to pronounce a valid and binding judgment in this case. The appeal will be dismissed and cause remanded.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.