**COOKE, ET, Plaintiff-Appellant, v NEW YORK, CHICAGO & ST. LOUIS RAILROAD CO., ETC., Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6776. Decided April 8th, 1947.

Cors, Scherer & Hair, Cincinnati, for plaintiff-appellant.
Kunkel & Kunkel, Cincinnati, for defendant-appellee.

## OPINION

By HILDEBRANT, J.

To a petition in an action filed September 16, 1946, defendant interposed a motion to quash the summons and service thereon. On November 9, 1946, entry sustaining the motion and quashing the summons was entered on the journal of the court. Within 10 days thereafter, plaintiff filed an application for rehearing on defendant's motion to quash. On January 16, 1947, entry overruling the application for a rehearing on defendant's motion to quash was entered on the journal of the court.

The notice of appeal herein is as follows:

"Jimmie R. Cooke, by his attorneys, plaintiff in the above entitled action, and herein designated as Appellant, hereby files in this Court, notice of his intention to appeal from the order of said Court in the above entitled action, wherein, on the 16th day of January, 1947, this Court overruled the application of said appellant for Rehearing on Motion to Quash Service of Summons and in favor of The New York, Chicago & St. Louis Railroad Company, defendant in the above entitled action and herein designated as appellee.

"Said appeal to be made on questions of law."

The cause is now before this Court on motion to dismiss the appeal, as not being from a final order.

Treating the application for rehearing as equivalent to a motion for a new trial, under existing §12223-7 GC, it serves

only to toll the statute with reference to the time within which the appeal shall be perfected, and on the authority of **Chandler & Co. v Southern Pacific Co., 104 Oh St 188,** is not a final order upon which to predicate an appeal in the absence of an abuse of discretion, which is not claimed in this case. See, also: **Morrison v Baker, Exr., 42 Abs 349.**

Further,.the notice of appeal is specifically directed to the order of January 16, 1947, so that this Court may not under the guise of amendment, permitted by §12223-5 GC, substitute an order of a different date as being within the intention of the notice of appeal. **Malone v Industrial Commission, 66 Oh Ap 505; Williams v Braun, et al., 65 Oh Ap 451.**

The motion to dismiss the appeal is, therefore, sustained and the same is dismissed, and the cause remanded.

MATTHEWS, PJ, and HILDEBRANT, J, concur in Syllabus, Opinion and Judgment.

· ROSS, J. (Concurring):

I concur in the conclusion of my associates, for the reason that the "Application for Rehearing" filed by appellant can not be construed as a motion for a new trial under §11575 GC, as amended, and applicable to actions filed after October 11, 1945, nor as a motion to vacate a judgment under §11634 GC.

The application is in the following terms:

"Now comes the plaintiff and moves the Court for a rehearing on defendant's Motion to Quash Service of Summons for the following reasons:

"1. That the Order of the Court herein and the Dismissal of plaintiff's petition are contrary to the law of the State of Ohio.

"2. That the Court erred in entering an Order for the defendant quashing service of summons, when said Order should have been for the plaintiff overruling the Motion to Quash Service of Summons."

I do not wish to be placed in the position of holding that the overruling of a motion for new trial or motion to vacate a judgment in a proper case under the statute will not constitute a final order from which an appeal is taken. I do not consider that questions as to these latter situations are raised by the present record.