**HULL, Plaintiff-Appellee, v. HULL, Defendant-Appellant.**

Ohio Appeals, Second District, Greene County.

No. 525. Decided March 4, 1952.

J. Carl Marshall, Xenia, for plaintiff-appellee.
Schlafman & Elliott, Fairborn, for defendant-appellant.

## OPINION

By HORNBECK, PJ.:

This is an appeal which was noted as upon questions of law and fact but at the time of hearing, upon motion of appellee, was dismissed for the reason that the cause could not be heard upon the faccts and, as a bill of exceptions had been settled and allowed in the trial court and filed in this court, the cause proceeded upon questions of law.

At all times, in the suit to quiet title and upon the application to vacate the judgment the issue between the parties related to the execution of a deed by the defendant to the plaintiff for a one-half interest in certain real estate described in the petition. The plaintiff, realizing that the defendant was making some claim to title to the premises, instituted her suit and the judgment sought to be vacated was entered in her behalf in that suit.

As we interpret the brief of the appellant, the errors assigned are that the finding and judgment of the trial court

on the application to vacate was against the manifest weight of the evidence.

The application for vacation of judgment was predicated upon part of the third paragraph of §11631 GC, namely; irregularity in obtaining the judgment on behalf of the appellee. The irregularity set up in the amended answer and cross-petition of appellant, filed with his application to vacate, was that the defendant was not given an opportunity to testify; that the deed from defendant to plaintiff was without consideration, had been altered after it was executed and particularly, that the signing and execution of the deed by the defendant was not his voluntary act.

When the matter of the application to vacate the judgment came on for consideration by the trial judge, he did not follow strictly the provision of §11636 GC, namely; that "The Court must try and decide upon the grounds to vacate * * * a judgment * * *, before trying or deciding upon the validity of the defense * * *." **Canal Winchester Bank v. Exline, 61 Oh Ap 253, 28 Abs 327.** Instead, he tried at the one hearing the preliminary question and the succeeding question, viz; whether the defendant had a valid defense to the petition to quiet title. Indeed the trial judge went further, and to all intents, tried the issue which ultimately would have been presented if the application to vacate had been decided in favor of the defendant.

At the hearing, the trial judge permitted counsel for the defendant to fully develop the defense which he had theretofore set up in his answer and cross-petition against plaintiff's action to quiet title. The defendant testified, as did the Notary Public who took the acknowledgment to and witnessed the deed, her assistant, a second witness to the deed, defendant's counsel in the suit to quiet title, the plaintiff and her counsel.

At the conclusion of the hearing the trial judge found that (1) there was no irregularity in the obtaining of the judgment and (2) the defendant had no valid defense to the action to quiet title. If the trial judge acted within the evidence in finding against the defendant upon either of these issues, the judgment must be affirmed.

The petition of plaintiff to quiet title and the answer and cross-petition thereto raised the identical issue which is sought to be raised by the amended answer and cross-petition tendered with the application to vacate the judgment. But, defendant insists that he did not have his day in Court, that the judgment entry quieting title in the plaintiff which recites that the issue was presented and determined upon the evi-

dence was contrary to the fact in that the defendant did not appear in Court; did not testify and was given no opportunity to testify.

Manifestly, the formal recitation in the entry that the cause was determined upon the evidence may not be lightly set aside as it hears the import of validity and truth. The journal of a Court of general jurisdiction imports absolute verity. **State ex rel Kriss v. Richards, 102 Oh St 455.**

Independent, however, of the recitation in the entry which was signed by counsel for both parties, under the notation "Seen," the trial judge had the right to find that, at the hearing on issues joined in the suit to quiet title the plaintiff, her counsel and the counsel for the defendant were in chambers with the trial judge: the defendant was in the courtroom proper which is adjacent to the office of the judge; as the hearing progressed, counsel for defendant who had filed his answer and cross-petition and who testified that he was acting for defendant at the hearing, conferred with his client in the courtroom. Evidently, the trial judge inquired of counsel for defendant who had the obligation to go forward with his proof of what it consisted. It developed that to support the claim that the defendant did not voluntarily sign the deed conveying the real estate to his wife, he proposed to show marital difficulty between the parties, bickering, quarrels and disputes. The trial judge indicated to counsel for the defendant that upon such testimony alone, he could not find for the defendant upon his cross-petition seeking to quiet title. One witness testified that his recollection is that there was a Court Reporter present at the hearing.

Although it is probable that no testimony was taken, experienced counsel in this case must recognize that statements to a trial judge made by authorized counsel, intended to be representative of the facts which they expect to develop, may be considered by the trial judge as the equivalent of evidence. This seems fairly to represent what occurred at the hearing.

The trial judge who heard and decided the application to vacate the judgment was the same judge who tried and determined the suit to quiet title. Manifestly, he was in a superior position to decide whether or not the findings in the judgment entry were correct. Upon the issue then, whether there had been any irregularity in the entering of the judgment in behalf of plaintiff, the trial judge in holding against the defendant acted well within his province.

But the Court did not stop there. He took all the testimony that was available on the questions that had once been decided in the original suit, viz: Was the signing of the deed by the defendant his voluntary act and deed, was the deed delivered to the plaintiff, was there consideration for the deed? He again resolved these issues against the defendant and in so doing was well within the permissible interpretation of the facts.

That part of the acknowledgment of the deed in question, which recites "to be his voluntary act and deed" was stricken. This was done because at the time of, or immediately after the signing of the deed upon query if the signing was his voluntary act and deed, the defendant answered, "No," and added that he was signing to keep peace in the family, or words to that effect. Thereafter, the Notary Public, not knowing what to do under the circumstances, took the matter up with an attorney who struck out that part of the deed which we have quoted.

The stricken part of the acknowledgment is not required by the provisions of §8510 GC defining the requisites of execution and acknowledgment of a deed. Manifestly, with or without the quoted language, the question presented to and considered by the trial judge was, was the signing and execution of the deed defendant's voluntary act. Giving full weight to all that defendant has stated in his testimony, it does not reach to the requisite degree of proof that he did not have full appreciation of what he was doing when he signed the instrument or that he was under such compulsion or duress as to overcome his volition. Indeed, the burden of his testimony is that he signed the deed because he thought it would create a better condition in his domestic affairs. It is probable that because the execution of the deed did not result as he had hoped, he believed he could thereafter assert that he should not be bound by his act in executing it.

Defendant also claimed in the original suit, and upon the application to vacate, that there had been no delivery of the deed to the plaintiff. The evidence upon this issue varied and, of course, the trial judge had a right, as was his obligation, to decide where the truth was to be found.

Upon the record as it comes to us it appears that the defendant has had two full and complete trials upon his defense to the plaintiff's suit to quiet title to the premises involved. In both of them the trial judge has held against him, which he had the right to do.

The defendant, in the trial court has been accorded all and more protection of the law then is contemplated and full

consideration of his claim on the appeal to this Court does not establish any reversible error in the judgment.

The judgment must be affirmed.

WISEMAN and MILLER, JJ, concur.