**SARCHET, d. b. a. GEM CITY REALTY, Plaintiff-Appellee, v. BUNN et, Defendants-Appellants.**

Ohio Appeals, Second District, Greene County.

No. 583.   Decided November 29, 1957.

Weber & Hogue, Fairborn, Forrest J. Hogue, of Counsel, for plaintiff-appellee.

Selwyn C. Jackson, Dayton, for defendants-appellants.

## OPINION

By HORNBECK, PJ.

The appeal is from an order of the trial court overruling defendants motion to reconsider its decision overruling defendants motion to vacate a judgment taken against them on a cognovit note.

At the outset, we are met with a motion of appellee to dismiss the appeal for want of prosecution because the notice of appeal is not directed to a final order.

The claim of appellee is that the motion to reconsider the refusal to vacate the cognovit judgment is not a motion for a new trial for the reason that it required no determination of an issue of fact.

Appellee cites State, ex rel. Longman, et al, v. Welsh, 133 Oh St 244; Morrison v. Baker, Exec. 42 Abs 349; Tresemer v. Gugle, et al, 70 Oh Ap 409. All of the cited cases were determined before the amendment of §11575 GC, and when it provided that "A new trial is a re-examination, in the same court, of an issue of fact, after a verdict by a jury, * * * or a decision by the court. The statute, defining New Trial, §2321.17 R. C., has read differently for several years and includes a re-examination of all issues whether of law or fact. For full discussion of the effect of the amendment to §11575 GC, see Rismiller, Admrx. v. Dayton Power & Light Co., 70 Abs 603, by this court, opinion by Wiseman, P. J.

The motion to re-consider the order refusing to vacate the cognovit judgment was a motion for new trial within contemplation of this statute. However, there is a procedural requirement in §2321.19 R. C., essential to the filing of a motion for new trial which appellant did not observe. This section of the Code provides that the application for a new trial must be made within ten days after the journal entry of a final order * * * has been approved by the trial court, in writing, and filed with the Clerk of the Court for journalization. The entry in this

case overruling the motion to vacate the judgment was entered March 26, 1957. The motion to reconsider this order was filed April 17, 1957, almost a month after the order of March 26, 1957. The motion was not filed within the statutory period authorizing the trial judge to consider it.

It will also be observed that, even if we could consider the order refusing to reconsider the motion to vacate, we could not reach the amended answer tendered as a defense to the action on the cognovit note because no leave to file was taken of it. Appellant made application for leave to file this amended answer, but the Court did not pass upon it.

When we reach the appeal, several developments appear in the transcript and in the bill of exceptions which preclude us deciding the question sought to be raised.

The judgment in this case was taken on August 30, 1956 and January 16, 1957, execution was issued. On January 23, 1957, return was made by the Sheriff showing that the sum of $429.56 had been paid to him which sum satisfied fully the judgment, interest and costs in the case. This sum was paid to the Clerk of Courts. The satisfaction of this judgment disposed of it completely and no proceeding was thereafter in order to open up a judgment which had been fully satisfied. If appellants have any right of recovery from the plaintiff, it must take some form of action other than a proceeding to vacate the judgment which has been satisfied.

When the motion to vacate the judgment came on for hearing the parties took no testimony but adopted the method of offering statements of counsel. Respective counsel put into the record what each claimed but at no time was there agreement between them as to the facts.

The most serious difficulty to a determination of the error sought to be raised is that it was commonly agreed that the right of the plaintiff to take the cognovit judgment rested, if at all, under the provisions of a written contract. Plaintiff's right under this contract was the basis of dispute. Defendant insisted that plaintiff was not a party to the contract and had no beneficial interest in it or the note sued on. On the other hand, plaintiff contended that it had ownership of the note under the contract and to the amount for which the judgment was taken. Notwithstanding the extended discussion, all of which was directed to the meaning of the contract and its effect on the parties, it was not offered in evidence and is not before us. Manifestly, we can not determine the rights of the parties unless and until we have this contract. In the situation thus developed, we must indulge the presumption of the validity of the order of the trial judge refusing to vacate the cognovit judgment or to reconsider this order.

If we could reach the question of the sufficiency of the tendered answer to constitute a defense to the petition, we would be required to say that it does not meet the essential requirements of such an answer. An answer which would be sufficient in an action wherein the defendant had the right in the first instance to answer the petition may be inadequate on a motion or petition to vacate a judgment.

For cases on the subject at hand see **Lee v. Benedict, 82 Oh St 302; Bulkley v. Greene, 98 Oh St 55; Cleveland Trust Co. v. Kolar, 102 Oh Ap 367; Canal Winchester Bank v. Exline, 61 Oh Ap 253; Miller v. McGill, 15 Abs 511;** Metzger v. Zeissler, et al, 13 O. N. P. (N. S.) 49.

The judgment will be affirmed.

WISEMAN and CRAWFORD, JJ, concur.