Dreitzler, Appellee, *v.* Dreitzler, Appellant.*

---

*Motion to certify record overruled, November 15, 1961.

232

*Mr. William Sammons,* for appellee.
*Mr. Leonard P. Henderson,* for appellant.

BROWN, J. This is an appeal from the judgment of the Common Pleas Court of Ross County denying a motion by defendant to vacate a divorce decree.

On February 2, 1960, plaintiff filed a petition for divorce against the defendant, alleging gross neglect of duty and extreme cruelty and praying for other relief, including the custody of four children and a division of property.

On August 2, 1960, following an uncontested hearing, a divorce was granted to the plaintiff against the defendant on the ground of gross neglect of duty, and custody of the children was awarded to the plaintiff. The decree contained the following language: "It is further ordered that the custody, care, education and control of the children, David Joe, Marguritta Sue, Jeffery Garrett and Mary Elizabeth of the said parties hereto be, until further order of the court, is confided to said David Dreitzler. And the said Louise Dreitzler is hereby enjoined from interfering in any manner with either of said children or with David Dreitzler in the custody, care, education and nurture thereof until further order of the court.

"Upon consideration, the separation agreement of the parties heretofore entered into is disapproved by the court."

Thereafter, on August 3, 1960, defendant filed a motion to vacate this decree of divorce for reason the same was obtained through fraud and collusion on the part of the plaintiff.

On September 23, 1960, evidence was heard on the motion. On October 23, 1960, by entry, the court overruled the motion, finding there was no fraud or collusion perpetrated on the part of the plaintiff. In appealing this decision, the defendant urges three assignments of error, as follows:

1. The trial court erred in overruling her motion to set aside, vacate and hold for naught the decree of divorce to the plaintiff on or about July 29, 1960.

2. Said decree of divorce was contrary to law.

3. Said decree of divorce is contrary to public policy.

The bill of exceptions filed in this case contains only testimony taken on the hearing of the motion. It does not contain any of the testimony taken at the hearing on the divorce petition. Accordingly, as to assignments of error (2) and (3), the questions are not adequately presented to us, are not open to review, and therefore they are overruled. Assignment of error (1) appears to be properly before us and we so consider it.

In support of her motion, defendant attempted to show an agreement between the spouses for the defendant not to contest the divorce in exchange for the custody of the four children being awarded the defendant. The separation agreement provided that the defendant was to be awarded the children, but the court, in the exercise of its powers and judgment, specifically refused to approve this agreement and made its own award. The plaintiff denied any agreement not to contest and the court did not find fraud or collusion on the part of the plaintiff. Our examination discloses no evidence sufficient to warrant a different finding.

A careful reading of the bill of exceptions indicates that the gravamen of defendant's motion is not so much any fraud or collusion in the granting of the divorce decree but mainly the failure of the court to approve the separation agreement previously entered into by the parties.

Without having a benefit of the testimony of the divorce hearing before us, we can only presume the regularity of the divorce proceeding in granting custody and denying approval of the separation agreement. As to the court's power to award custody of the children in the divorce proceedings, under Chapter 3105 of the Revised Code of Ohio, there can be no doubt.

It is interesting to note that defendant was present at the time of the divorce proceeding, having been subpoened by the plaintiff. For her to stand mute at the hearing, and then, immediately thereafter when the court in carrying out its responsibilities does not decide the way she wants, assert fraud and collusion, is to our thinking highly questionable. Such action certainly brings into consideration equitable principles akin to the doctrine of "clean hands." Although not specifically decided in Ohio, according to the weight of authority, when the spouses through collusion or consent prevail upon the court to

234

take jurisdiction of a divorce suit and render a decree thereupon, they are precluded from having the decree set aside or from attacking its validity because of collusion or consent. 17 American Jurisprudence, 594, Section 495.

There was a further attempt on the part of defendant to show one witness perjured himself. As to this, the trial court specifically questioned the defendant as to the truth of all the testimony at the divorce hearing, as shown in the bill of exceptions:

"Court: Mrs. Dreitzler, in your testimony there wasn't any of the witnesses lied in the divorce case that you know of. None of the witnesses? A. You mean David's character witnesses?

"Court: Mr. Kyle didn't tell a falsehood? A. No, sir, he didn't. I went with him before we were married. I just confided with him as a friend. I don't think anything more of him than when I quit him and went with David.

"Court: That's all. Did anybody tell a falsehood? You did not tell a lie? A. No."

A reviewing court will not reverse the judgment of a trial court overruling a motion filed during term to vacate and set aside a default judgment, in the absence of an abuse of discretion. 3 Ohio Jurisprudence (2d), 764, Section 791; 32 Ohio Jurisprudence (2d), 251, Section 558; *Kramer Realty Co.* v. *Glander*, 41 Ohio Law Abs., 389.

In the review of the motion to vacate, it must be remembered that the trial judge, in the determination of the facts, has the opportunity to observe the demeanor and conduct of the witnesses and should be allowed a wide latitude of discretion.

As we find no abuse of discretion, we can only conclude that the first assignment of error is not well taken. The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

COLLIER and GUERNSEY, JJ., concur.

GUERNSEY, J., of the Third Appellate District, sitting by designation in the Fourth Appellate District.