Ohio Loan & Discount Co. *v.* Benedum et al.

2

*Messrs. Gardner, Spilka & Weltman,* for plaintiff.
*Messrs. Bowers & Bowers,* for defendant.

LAMNECK, J.  On February 9, 1965, at 10:57 a. m. the plaintiff was granted a judgment in this court in the sum of $938.88 with interest at the rate of 6% from February 9, 1965.  The judgment was obtained on a promissory note signed by the defendants in favor of "So-Soft of Ohio, Inc." dated February 6, 1963, by virtue of a provision in the note which reads as follows:

"The undersigned and each of them and any endorser or guarantor hereby authorize any attorney at law to appear in any court of record in the state of Ohio, or in any other state in the United States, after this note becomes due by maturity or declaration, and waive the issuing and service of process, and confess a judgment against the undersigned and each of them jointly and severally in favor of the holder hereof, for the amount of said note, together with the costs of suit."

This note was assigned to the plaintiff without recourse by endorsement on the back of the note, no date being noted.

By virtue of the warrant of attorney, Frank F. Fitzpatrick, an attorney practicing in this county, appeared in court with the attorney for the plaintiff, entered an appearance for the defendants, and confessed judgment for the plaintiff against the defendants in the sum of $938.88.

Thereafter on February 15, 1965, and within term, the defendants by their attorneys, Bowers & Bowers, filed a motion for an order vacating the judgment on nine alleged grounds as follows:

1. Said judgment was rendered on an alleged cognovit promissory note, a copy of which was attached to plaintiff's petition and marked exhibit "A," and the said judgment was intended to be confessed against these defendants by virtue of the power of attorney set forth in said note, no summons or other proceedings having been served upon these defendants.

2. That the judgment rendered against these defendants on said note was not rendered in open court.

3. That the judgment taken by the plaintiff in this action upon warrant of attorney set forth in said note is for more than was due to plaintiff and that these defendants were not summoned or otherwise legally notified of the time and place of taking said judgment.

4. That said note was given as consideration to a certain written contract of sale for which contract of sale there has been a failure of consideration.

5. That these defendants were fraudulently induced to enter into said contract of sale by the plaintiff and by So-Soft of Ohio, Inc., an Ohio corporation.

6. That this plaintiff and So-Soft of Ohio, Inc., acting in conspiracy and in collusion fraudulently conspired and induced these defendants to enter into said contract of sale and to sign said note.

7. That said note was made and executed contrary to Section 1317.08, Revised Code.

8. That said judgment was rendered in contravention of Section 1317.09, Revised Code.

9. That the execution of said contract of sale constituted the issuance of a security as defined by Section 1707.01, Revised Code, by the plaintiff and by So-Soft of Ohio, Inc., acting jointly and that said contract of sale is therefore void.

In support of the defendant's motion a copy of a certain "referral agreement" contract, marked defendant's exhibit 1, and a copy of a "security agreement" of which the note in question is a part, marked defendant's exhibit 2, were introduced into evidence by agreement of the parties.

4

The plaintiff contends that it is an innocent purchaser for value.

The judgment in question was taken in the office of the judge which is adjacent to and opens into the room generally used as a courtroom connected by a door, and is marked "Court Room Number One." It is contended that this procedure makes the judgment void for the reason that it was not taken in "open court" as required by the Constitution of Ohio and the statutes enacted thereunder.

The jurisdiction of the Common Pleas Court is limited to that authorized by law.

Section 4, Article IV of the Constitution provides that "the jurisdiction of the Courts of Common Pleas and the judges thereof shall be fixed by law," and Section 18, Article IV provides that "the several judges of the Supreme Court, of the Court of Common Pleas, and such other courts as may be created, shall respectively have and exercise such power and jurisdiction, at chambers, or otherwise, as may be directed by law."

Judgment by confession is so old that the date of its origin is unknown. It was well known under the common law. The common law still governs the power to confess judgment by power of attorney, except in so far as modified by statute or by courts of last resort. (See 30 A. American Jurisprudence, page 261, Section 156.)

Statutes governing judgments by confession under warrant of attorney are few in number in Ohio.

Section 2323.12, Revised Code, reads as follows:

"A person indebted, or against whom a cause of action exists, may personally appear in a court of competent jurisdiction, and, with the assent of the creditor, or person having such cause of action, confess judgment; whereupon judgment shall be entered accordingly.

"The debt or cause of action shall be briefly stated in the judgment, or in a writing to be filed as pleadings in other actions.

"Such judgment shall authorize the same proceedings for its enforcement as judgments rendered in actions regularly brought and prosecuted. The confession shall operate as a release of errors."

Section 2323.13, Revised Code, reads as follows:

"An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession, which shall be in the county where the maker resides or in the county where the maker or any one of several makers signed the warrant of attorney authorizing confession of judgment, any agreement to the contrary notwithstanding; and the original or a copy of the warrant shall be filed with the clerk."

Under Section 2323.12, Revised Code, the defendant either by person or attorney *"must appear in court"* and under Section 2323.13, Revised Code, the attorney making the confession must produce the warrant *"to the court."*

Was the judgment in this case taken "in court," and was the warrant of attorney presented "to the court," when the judgment was signed in the judge's office?

Rule 13 of the Rules of Practice of this Court, adopted January 2, 1961, reads as follows:

"Cognovit judgments may be taken in open court at the beginning of a session, or in chambers at the convenience of a judge, and attorneys for both plaintiff and defendant must be present."

In 14 American Jurisprudence 269, Section 38, the following appears:

"It has been said that there is no special sacredness in the atmosphere of a courthouse or the walls or furnishings of a courtroom which requires that sessions of the court be held there, and not elsewhere, if otherwise the forms of law governing the trial of causes are observed. Accordingly, it has been held proper, for convenience or other good cause, to hold court, temporarily or even during the term, in the sheriff's office, the office of the county superintendent, in the clerk's office, or in the petit jury room."

Under Rule 13 of the Court, the judge's office or chambers is specifically made a place or a courtroom for the taking of cognovit judgments.

Although Section 2323.13, Revised Code, provides that the attorney who confesses judgment "must produce the warrant ... to the court," a liberal interpretation of this statute is that the word "court" means "judge."

The word, "court," will always be construed to mean "judge" and "judge" to mean "court" whenever either construction is necessary to carry into effect the obvious intent of the legislature. (See 14 American Jurisprudence, page 249, Section 4.)

Whenever a warrant of attorney is presented to the court or judge, valid on its face, and a qualified attorney confesses judgment thereon, the court has no alternative but in the language of Section 2323.12, Revised Code, "judgment shall be rendered accordingly." It would be an unnecessary routine to require a court to go into a formal session with all its necessary employees present in order for the judge to sign a cognovit judgment which is in the nature of a ministerial duty.

The court therefore finds that this ground to vacate the judgment is not well taken and overrules the same.

Section 2325.07, Revised Code, provides in part as follows: "A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered."

The courts have ruled that this provision relates to procedure to open judgments during as well as after term. See *Canal Winchester Bank* v. *Exline*, 61 Ohio App. 253, 259; *Bellows* v. *Bowlus*, 83 Ohio App. 90.

In *Bulkley* v. *Greene*, 98 Ohio St. 55, it is held that "when a petition (or motion) is filed by a defendant, he must present therewith his defense to the action sought to be vacated. The grounds for vacation are heard and determined by the court *upon the preponderance of the evidence*, and if the defense is adjudged valid, and the grounds be sustained, the order of modification or vacation of the former judgment is held in abeyance until the final determination of the issues joined in the original action."

Aside from the grounds stated in the motion to vacate, and sworn to by the defendants the only evidence offered by the defendants on the motion to vacate was defendants' exhibits 1 and 2. The plaintiff offered no evidence at the hearing on the motion.

Defendant's exhibit 1 is a so-called "Referral Agreement" signed by the parties which in substance contains the following:

1. That So-Soft of Ohio, Inc., agreed to sell to and install

a water conditioner for the defendants for $648 payable in 48 successive monthly installments of $19.56 beginning on April 6th. (Year omitted)

2. That So-Soft of Ohio, Inc., agreed to pay to the defendant, Betty Jo Benedum, for each name submitted by her which resulted in a sale to such named party of a water conditioner by the said So-Soft of Ohio, Inc., the sum of $100.00 within 30 days after the acceptance of a purchase on the name submitted by the said So-Soft of Ohio, Inc., subject to certain limitations.

The name of the Plaintiff does not appear on said Referral Agreement.

The upper part of Defendant's Exhibit No. 2 is headed "Security Agreement (To Finance Co.)" dated February 6, 1963, purported to be signed by the defendants in which they agreed to pay $648 for said water conditioner, plus a finance and insurance charge amounting to $290.88 or a total of $938.88 payable in 48 monthly installments of $19.56 each on the 23rd of each month, beginning March 23, 1963. There is no mention of the plaintiff in the so-called "Security Agreement."

The lower section of defendant's exhibit No. 2, is the cognovit note, valid on its face, on which the judgment was taken. It is dated February 6, 1963 and calls for the payment of $938.88 in 48 consecutive monthly installments of $19.56, beginning March 23, 1963. The payee of the note is the So-Soft of Ohio, Inc., but there is a provision in the note that it is payable at the office of The Ohio Loan and Discount Company. The note contains the name of "James Moock" as a witness to the signatures of the defendants. The Referral Agreement is also signed by "James Moock" on behalf of the So-Soft of Ohio, Inc.

In the evidence before the court, the defendants have shown that a moot question exists whether the defendants have defenses to the plaintiff's note under the Securities Act, Section 1707.01 et seq., Revised Code, and the Retail Installments Sales Act, Sections 1317.01 et seq., Revised Code.

The plaintiff claims that it is a holder in due course. Aside from the endorsement on the note itself, the defendant offered no evidence that it was a holder in due course. Under the provisions of Section 1303.36, (C), Revised Code, it is provided that "After it is shown that a defense exists a person claiming

8

the rights of a holder in due course has the burden of establishing that he * * * is in all respects a holder in due course.''

The evidence also shows that a moot question exists as to failure of consideration, and the judgment being for more than was due on the instrument.

The sworn motion of the defendants contains certain allegations of fact and some conclusions of law. While this may be proper in a motion an answer should only allege such facts that constitute a defense to the petition. A defense cannot be based on mere conclusions of law. The facts of a defense should be distinctly averred. See *Canal Winchester Bank* v. *Exline*, 61 Ohio App. 253.

It will therefore be ordered that the defendants be given leave to file an answer to the plaintiff's petition within 15 days from date hereof on grounds three, four, six and nine enumerated in the motion, and pending final disposition of this cause, the judgment rendered herein is suspended.

*Judgment suspended. Leave to plead granted.*