### EDGE v STUCKEY

Ohio Appeals, 4th Dist, Ross Co

Decided March 11, 1931

Maddox & Maddox, Washington C. H., for Edge.

John P. Phillips, Washington C. H., for Stuckey.

BY THE COURT

It is suggested in one of the briefs of the defendant in error that the doctrine in **Metzger v Ziesler,** 13 N. P. (n.s.) '49, and **City of Cincinnati v Archiable,** 4 Oh Ap, 218, should be followed, to the end that a judgment can not be opened up during term except under the conditions set forth in §11631 GC. That doctrine, which is elaborated in the Archiable case, has been repudiated by the Supreme Court in **First National Bank v Smith, 102 Oh St 120.** The Smith case went to the Supreme Court on certificate from the Court of Appeals of Allen County, which court expressly refused to follow the Archiable opinion. Under the doctrine of the Smith case it is apparent that the trial court had power to set aside the judgment complained of in this case, and we are only concerned now with whether or not that court abused its discretion in refusing to open up the judgment. It did so abuse its discretion if the very timely application made by the defendant was accompanied by a showing that in good faith the defendant was ready to interpose an adequate defense.

The defendant swears that he had on deposit in The Ohio State Bank at Washington C. H. a considerable sum of money; that he knew that that bank was in a precarious condition and would not have kept that deposit there except that he thought that he could use the deposit as an offset in case the bank failed against what he owed the bank on the note sued upon in this case. He says that the plaintiff is an officer of The Ohio State Bank, and in cooperation with other officers of the bank caused him to believe that this note was owned by the bank at different times when the note had been renewed in the year previous to May, 1930, when the bank failed, by causing such renewals to be made in the name of the bank. This is equivalent to saying that the plaintiff, who claims to have become the owner of the note in April, 1929, deceived the defendant or caused others to deceive him into believing that the bank, and not the plaintiff, was the holder of the defendant's note and thereby secured the deposit which he had in the bank at the time the bank failed. If these claims are true they would not necessarily defeat the plaintiff's title to the note but they would entitle the defendant to the setoff which he would have had against the bank if the bank had been the owner of the note at the time the bank failed. Equity would perhaps require him to make an assignment of his deposit to the plaintiff as a condition upon which he would secure the setoff. While no such assignment is pleaded or tendered in the answer the pleading makes an equitable defense, and it was within the power of the trial court to protect the rights of both parties as the facts might warrant.

While we have referred to the affidavit in this case as an answer it is not an answer, and when the case goes back to the Common Pleas the defendant is not limited in his answer to the precise allegations

that appear in the affidavit which he calls an answer.

The judgment and order of the Common Pleas is reversed and the case is remanded to that court with direction to vacate the judgment and permit the defendant to answer.

MAUCK, PJ, MIDDLETON and BLOSSER, JJ, concur.