### PEERLESS PAPER BOX MFG CO v METZEL

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12714. Decided March 20, 1933

Howell, Roberts and Duncan, Cleveland, for plaintiff in error.

Wm. F. Marsteller, Cleveland, for defendant in error.

**McGILL, J.**

This petition to vacate a former order of this court requires an examination of the record below to determine whether · or not the bill of exceptions was filed within the statutory time.

The transcript shows that on January 22nd, 1932, a jury was impaneled and sworn and made a finding for the plaintiff, Metzel, in the sum of $15,000; that on January 23rd, 1932, defendant's motion for a new trial was filed; and that on February 8th, 1932, the court overruled the motion for a new trial and entered judgment on the verdict.

Subsequently as appears by the transcript the following entries were made:

"February 29, 1932. Amended motion of defendant for new trial filed.

March 3, 1932. Affidavits filed.

March 5, 1932. The Court:—The amended motion for a new trial is heard and submitted.

Journal 266, page 1738.

March 8, 1932. Motion of defendant to vacate filed.

March 9, 1932. To Court:—The motion to vacate the entry of February 8, 1932, on the motion for a new trial is granted.

Journal 266, page 1842.

March 18, 1932. To Court:—Amended motion for a new trial is overruled to which defendant excepts. It is therefore considered that said plaintiff recover of said defendant his said damages in the sum of $15,000.00 and also his costs of this suit, for all of which judgment is rendered against defendant.

Journal 266, page 2091."

Thereafter, to-wit, on April 26, 1932, a bill of exceptions was filed and notice issued, and service made on April 27, 1932; and that on May 3rd, 1932, a petition in error was filed in the Court of Appeals.

It will be noted that on February 29, 1932, an amended motion by defendant for a new trial was filed and on March 3rd, 1932, affidavits were filed. This amended motion dealt with newly discovered evidence and numerous affidavits appear in the record in support of the amended motion.

On March 8th, 1932, the defendant filed a motion to vacate the entry of February 8th, 1932, at which time the court entered judgment on the verdict, and this motion to vacate, which was filed March 8th, 1932, reads as follows:

"The defendant moves the court to vacate the judgment entered for the plaintiff in this term of court, and also to vacate the entry of the court overruling the defendant's motion for a new trial, so that if there be any question about the jurisdiction of the court in considering the defendant's amended motion for a new trial filed at this term, that the court may have jurisdiction to consider said motion."

On the back of the original motion is the following:

"Motion granted. Baer, J."

While the entry of March 9th, 1932, reads "The motion to vacate the entry of February 8th, 1932, on the motion for a new trial · is granted," nevertheless the motion itself sought to have the judgment also vacated, and the writing of the trial judge "Motion granted" on the back thereof, shows that the motion was granted in full and the judgment vacated. That this was clearly the intention of the trial court is evidenced by the fact that on March 18th, 1932, the trial court after overruling the amended motion for a new trial again entered judgment on the verdict.

It is perfectly apparent that the words "On the motion for a new trial is granted" contained in the entry of the transcript of March 8th, is merely descriptive and refers to the motion and was not intended to vacate the entry as to a new trial and leave the judgment standing.

If the time for filing the bill of exceptions be computed from the entry of March 18th, 1932, it is undisputed that the bill of exceptions was filed within the time required by statute; but if the time for filing the bill of exceptions began to run from the entry of February 8th, 1932, then the bill of exceptions was filed after the time required by statute.

It is the contention of the defendant in error, Myron Metzel, that no specific vacation of the judgment is contained in the entry of March 9th, 1932, and that in the event the court intended its entry to accomplish the vacation of that judgment, that the court was without legal authority to do so.

As already indicated, this court is of the opinion that the court in granting the motion not only intended but did in fact on March 9th, 1932, vacate the former judgment.

The further question of whether or not the court had the authority to vacate that judgment deserves consideration.

In the case of **The First National Bank of Dunkirk, Ohio, v Smith et, 102 Oh St, 120,** (1921) it is said by Hough, J., at page 122:

"In this absence of legislative enactment the common law rule must apply, for it would be a strange anomaly indeed that a court given the power to vacate its judgment after the term should have no power to vacate a judgment within or at the same term.

"Examination of the authorities discloses the fact that at common law a court of general jurisdiction is endowed with the power to control its own orders and judgments during the term at which they are rendered, and the power to vacate or modify them is in the exercise of a sound discretion; and this is an inherent power, in no way regulated or abridged by statute. This principle was early announced in the case of **Huntington and McIntyre v Finch and Co., 3 Oh St, 445,** and the doctrine is approved in later cases of this court, notably **Knox Co. Bank of Mt. Vernon v Doty, 9 Oh St, 505; Niles v Parks, 49 Oh St, 370; Huber Mfg. Co. v Sweny, 57 Oh St, 169; Weber v State, 58 Oh St, 616,** and in others.

"There appears to be no limitation or restriction to the rule except that the power must be exercised with a sound discretion —limited only to cases in which there is an abuse of discretion. It follows, therefore, that the court, in the instant case, had the power to · suspend the judgment upon any ground enumerated in §11631, GC, or for any other reason within the exercise of a sound discretion."

In the case of **Edge v Stuckey, 40 Oh Ap, 122,** (1931) (9 Abs 624), we find the following in syllabus one:

"One seeking to vacate a judgment during term is not bound by the provisions of §11631 et seq., GC. The doctrine of the first paragraph of the syllabus of **City of Cincinnati v Archiable, 4 Oh Ap, 218,** was overruled in **First National Bank of Dunkirk v Smith, 102 Oh St, 120, 130 NE, 502.**"

In the case of **The Canton Stamping and enameling Company v Eles, 124 Oh St 29** (1931), a jury found in favor of the company. Eles filed no motion for a new trial and judgment was rendered against her in favor of the company. Thereafter a petition was filed by Eles to vacate the judgment and grant a trial on newly discovered evidence brought to the attention of the court by affidavit. The court vacated the judgment and granted a new trial. It is said by Kinkade, J, at page 32:

"At any rate, the granting of a motion or petition for a new trial is necessarily addressed to the sound discretion of the trial judge, and his conclusion should not be disturbed unless there is a clear abuse of that discretion. The following cases fully sustain this proposition: **Hurley v State, 6 Ohio, 399; Holt v State, 11 Oh St, 691; State v Lopa, 96 Oh St 410, 117 NE, 319; First National Bank of Dunkirk v Smith, 102 Oh St, 120, 130 NE, 502; Chandler and Taylor Co. v Southern Pacific Co., 104 Oh St, 188, 135 NE, 620; 46 Corpus Juris, 412, note 55.**

"The opinion of the trial court, as well as that of the Court of Appeals, clearly indicates that each court reached the conclusion that substantial justice had not been accomplished in this case by the verdict of the jury and the judgment of the trial court entered thereon. This court is not disposed to disturb the conclusions reached by the trial and appellate courts. The action of the trial court and the Court of Appeals must be affirmed."

The defendant in error Metzel in support of his claim that the bill of exceptions was not filed within the statutory time in this case, has urged that the case at bar is controlled by the case of **Wyant v Russell, 109 Oh St, 167.** In that case, however, it appears in the opinion of Judge Robinson that no entry appears vacating the original

judgment, but that judgment was again rendered upon the verdict of the jury. That case is clearly distinguishable from the instant case, for the reason that the transcript and original papers in the instant case show that the original judgment was vacated.

The same situation appears in another case cited by defendant in error, to-wit, **Hough v Stone and Boepple v Lake Shore Ry. Company, 3 Ohio Law Abstract, 355.** In this last case cited the order overruling the motion for a new trial was overruled and set aside, but there was no order setting aside the judgments.

Neither of these cases apply in the light of the facts disclosed in this case.

To the bill of exceptions in this case are attached voluminous affidavits upon defendant's motion for a new trial upon the ground of newly discovered evidence, and there is also attached thereto many pages of testimony in support of the amended motion for a new trial. This testimony appears to have been taken in another case growing out of the same accident, and consists of approximately one hundred and twenty-three pages. The record shows that on March 5th, the affidavits having been filed, this amended motion for a new trial was heard and submitted. The court undoubtedly desired a reasonable time to give careful study to the affidavits and copies of testimony filed in support of the amended motion for a new trial, and hence, on March 9th, 1932, vacated the judgment and the former entry of February 8th, 1932, for a good and sufficient reason.

It is significant to note that when this case first came to the Court of Appeals, the question of jurisdiction was not raised. After this court entered a judgment of reversal on the ground of weight of the evidence and misconduct of counsel, this petition to vacate was filed, alleging that this court had no jurisdiction. Whether or not the question of jurisdiction can be raised at this time, it is unnecessary to decide. There is a presumption of regularity in judicial proceedings, and if the question of motive is material in this case, it is perfectly clear that the affidavits and testimony filed in support of the amended motion for a new trial warranted the court in vacating the entry of February 8th, 1932 in toto. In the opinion of this court there was no abuse of discretion and the former judgment was vacated in the exercise of sound judicial discretion.

Accordingly the petition of defendant in error to vacate the judgment of reversal of this court and to dismiss the petition in error is denied, to all of which defendant in error excepts.

LIEGHLEY, PJ, and LEVINE, J, concur.