OPINION
By GEIGER, PJ.
The action was begun in the Municipal Court of Columbus, based upon a cognovit note, dated November 23, 1940, calling for the payment to the plaintiff of $224.50, for which judgment was asked.
Lyman Beaurifield, an attorney ■of this county, waived the issue of service and confessed judgment in the amount claimed.
On April 21 a motion to vacate the judgment was filed by the defendants and on the same day the docket discloses the fact that the motion was sustained and an answer and cross-petition ordered filed.
There is no formal entry made by the Court sustaining this motion, and other orders of the court are devoid of formal entries, and we must rely solely upon the transcript of the docket and journal entries to ascertain what the court did and what, if anything, was done by counsel in the case.
Said motion is that the judgment be vacated and the defendant be given opportunity to answer. There is no statement of any ground for said motion.
On April 21, 1941, we find this brief docket entry in reference to the motion to vacate the judgment: “Motion to vacate sustained. Answer and cross-petition ordered filed and cause assigned for trial”.
On the same day the defendants filed their answer stating that the note described was given in consideration of a fur coat and for no other consideration, and that the plaintiff warranted said coat to be new, free from defects, and to *404 give satisfactory service for a period of three years. It is alleged that the coat is in fact partly made up of old used skins, is defective in that portions of said coat became shabby and worn-looking without excessive wear, in three months time, and has not given satisfactory service as warranted.
It is alleged that upon discovery of the breach of warranty the defendants offered to return said coat and are still ready and willing to do so.
The defendants also filed a cross-petition asserting the same facts as set up in their answer and prayed that the plaintiff’s petition be dismissed, the note ordered can-celled and returned and for judgment in the sum of $41.50, and costs.
For answer of plaintiff to the cross-petition it is stated that the plaintiff admits the purchase of the coat on the 23rd day of November, and that the coat was delivered on or about the 10th of December; that a credit was given of $41.74. Plaintiff further admits that the defendant offered to return said coat. All other allegations are denied.
On June 24, 1941, the transcript of the journal entries shows the following: “6-24-41, case called.
Witnesses sworn and testified. Trial had and concluded. Court finds for defendant for costs on plaintiff’s petition. Court further finds for defendant on his cross-petition.”
The evidence in the case is briefly to the effect that the defendants bought the coat with a certain warranty as to its condition and its lasting qualities. An expert furrier examined the coat in court and testified that the skins used were not, as a matter of fact, new skins, and that the coat did not meet the guaranty. The credit given on the new coat was a result of the settlement of a controversy in reference to a former coat bought by the defendants from plaintiff, which coat did not prove to be satisfactory.
Motion for new trial was filed and overruled and judgment entered “as per finding of June 24, 1941. Ex.” As in the original judgment there is no forma.1 entry, the matter appearing on the transcript of the journal entries as above recited. Notice of an appeal was given from the judgment dismissing the petition and awarding judgment by the Court on July 2nd. Said appeal was on questions of law.
The motion and entry thereon, on June 21, 1941, was the same (April) term as the entry of judgment of April 5, 1941.
There are eight errors assigned:
1. That the Court erred in vacating the cognovit judgment and in permitting the defendants to file an answer' and cross-petition.
2. In permitting defendants to introduce evidence upon their answer.
3. In permitting defendants to introduce evidence on their cross-petition.
4. In dismissing the petition of the paintiff-appellant.
5. In awarding defendants judgment.
6. In awarding judgment for costs on cross-petition.
7. The jugdment is contrary to the weight of the evidence.
8. Other errors.
The questions of law presented by the brief of counsel for plaintiff-appellant are summarized as:
(a) Whether the judgment maybe vacated during a term to permit the filing of an answer and cross-petition which state no defense, but only counterclaim;
(b) Whether the remedy of rescisión is open to a buyer who uses an article for a considerable period *405 after notice of election to rescind; and
(c) Whether the remedy of rescisión is a defense to an action for the purchase price named in the contract.
The discussion involves the consideration of certain sections of the statute and conditions relating thereto. In the chapter headed, “Other Relief After Judgment” we find §§11631, et seq. GC.
Sec. 11631 GC provides that the Common Pleas Court or Court of Appeals may vacate or modify its own judgment after the term at which it is made by granting a new trial within the time provided in §11580 GC.
This section provides when an order for a new trial may be made after the term. Subdivision 9 sets out as a ground for vacating a judgment upon warrant of attorney for sums due the plaintiff when the defendant was not summoned or otherwise legally notified at the time and place of taking such judgment. This is the appropriate subdivision upon which to base a motion to vacate a judgment on cognovit note, but as above stated the motion sets out no ground upon which it is based.
The other related sections are §11635 GC, providing for proceeding to vacate the judgment on the grounds mentioned in six divisions of §11631 GC, including nine above mentioned. It provides that proceedings shall be by petition setting forth the judgment, the grounds to vacate and the defense to the action. On such petition a summons shall issue.
Sec. 11636 GC, provides that the court may try and decide upon the grounds to vacate before trying or deciding upon the validity of the defense.
Sec. 11637 GC provides that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered.
Sec. 11638 GC provides that the parties seeking to vacate the judgment may have an injunction.
These several sections have been commented upon in a number of cases, some of which we will cite and others of which we will discuss briefly.
Brundige v Biggs, 25 Oh St 652; Lee v Benedict, 82 Oh St 302. The second syllabus in the latter is is in substance that the proper practice on the hearing of a motion to vacate a judgment of a previous term requires that the court, upon the hearing of the motion, should first pass on the ground of the irregularity charged, and if sustained, and the defendant had shown what, in law, would be defense, then the order of judgment should be suspended until the final entry of vacation.
Bulkley v Green, 98 Oh St 55, holds in substance that when a petition to vacate a judgment is followed by defendant he must; present therewith his defense to the action sought to be vacated. If the defense is adjudged legally valid, the order of vacation is held abeyance until the final determination of the issues.
“A counterclaim cannot be made available under §11635 GC, as a basis to vacate a judgment by confession. Such is not a defense to the action within the purview of that section.”
It will be observed that all of these cases upon which counsel relies relate to the setting aside of a judgment entered at a term prior to the filing of the motion to vacate, and the question at once becomes of importance as to what is necessary 'where the motion is filed at the same term as the *406 judgment. This matter has been determined finally.
In Daugherty v Wilson, 14 Abs 655, decision by this Court.
It is held that the statutory provisions of §§11636 and 11637 GC, that the judgment shall not be vacated on motion or petition until it has been adjudged that there is a valid defense, do not apply to the vacation of a judgment within the term at which it was rendered; unless there is an abuse of discretion. This related to a promissory note and there was definitely involved in the trial the question of a counterclaim.
We are of the opinion that the holding of the Court in 98 Oh St 55, to the effect that a counterclaim can not be made available as a basis to vacate a judgment as it is not a defense, has no reference to motion to vacate filed within term. A very definite ruling of the Supreme Court in distinguishing motions made during term from those made after term is found in First National Bank v Smith, 102 Oh St 120. It is there held:
' 1. A court of general jurisdiction, such as the Common Pleas Court, has control of its own orders and judgment during the term at which they are rendered, which control may be exercised, within the sphere of sound discretion, as an inherent right founded upon common law.
2. The procedure announced in the chapter entitled “Other Belief After Judgment” relates to the vacation and modification of judgments by the Court, after the term at which they were made, and does not limit the court of general jurisdiction to the exercise of its control over its judgment during the term.
This is a very well stated case and is so appropriate to the matter now under consideration that we simply cite it, with the suggestion that counsel, if interested, will read it carefully.
The case of Canal Winchester Bank v Exline, 61 Oh Ap 253, has been cited by counsel with considerable assurance, but may be distinguished from the case at bar. The appeal in the cited case was from a judgment of the trial court refusing to vacate a judgment under §11631 GC, clearly proceeded1 under the, statute and the court acted upon statutory authority only and had the right to require strict compliance with the controlling section as a basis for opening up the judgment. In the instant case the court vacated the judgment upon an application, based upon the statute, but the entry journalizing the court’s action is general, and we can not say that it is confined to the authority granted in the statute. It is permissible to say that it is over and beyond such authority and is predicated upon the inherent power of the court to set aside its judgments during term. The cited case is authority for the trial judge, before acting by virtue of §11631 GC, tO' require strict compliance with that section to further observe the provisions of §11637 GC.
*407 *406 Another matter asserted by counsel for plaintiff-appellant is as claimed, that the answer sets up a counterclaim and that such is not permitted as a ground for the vacation of a judgment under the decision in 98 Oh St 55,-to the effect that a counterclaim can not be made available as a basis to vacate a judgment, as it is not a defense within the purview of §11635 GC. A simple answer to this, and we think a complete one, is that that case related to a proceeding to set aside a judgment rendered at a previous term. We think the case *407 cf Daugherty v Wilson, 14 Abs 655, heretofore referred to is authority for permitting a counterclaim to be the basis of the motion. Besides it is not clear to us that the motion is based upon a counterclaim. It is true that the answer and cross-petition seeks to recover the money paid upon the defective coat. The answer and cross-petition asserts a breach of warranty. Sec. 8449 GC, provides that when there is a breach of warranty by the seller the buyer at his election may rescind the contract and refuse to receive the goods, or may return them to the seller and recover the price which has been paid, and that when the buyer is entitled to rescind a sale and elects to do so, he should cease to be liable for the price upon returning or offering to return the goods. The seller shall be liable to repay so much thereof as has been paid accordingly with the return of the goods or imitiediately after an offer to return in exchange for the repayment of the price. This is a distinct statutory proceeding for a breach of warranty, and we are not persuaded that it is denied to a party seeking to set aside the judgment under the authority of Bulkley v Green, 98 Oh St 55.
■ Another matter insisted upon by counsel for plaintiff-appellant is that the defendant wore the coat for a considerable period of time during the winter season and that she did not offer to restore it to the seller until the season for wearing the coat had practically passed. The pleadings disclose the fact that the defendant, as soon as she discovered that the coat was not according to the guaranty, sought to return it back to the plaintiff and recover the money. The plaintiff admits this. The money was not returned and the defendant did not use the coat beyond the time necessary to determine that the same was not in accordance with the guaranty.
"While we have not taken up the several assignments of error in the order in which they were presented in plaintiff’s brief, we think we have covered the entire matter, and we find that none of the assignments of error should be allowed.
Judgment of the Court below affirmed. Cause remanded.
HORNBECK & BARNES, JJ., concur.