**LUTKENHOUSE, Plaintiff-Appellee v. VELLA, et, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 19911 & 19912. Decided February 26, 1945.

H. W. Kiser, Cleveland, for plantiff-appellee.
Joel Krupman, Cleveland, for defendant-appellant.

**OPINION**

By MORGAN, J.

In these cases the plaintiff recovered judgments against the defendants on cognovit notes on October 24, 1944 In one case the judgment was for $3000.00 and in the other for $1800.00, the face of the notes. On October 30, 1944 execution was issued on both judgments. On the following day October 31st and in the same term, the defendants filed in each case a motion to vacate the judgment on the ground that it was obtained without notice and process upon the defendants, and that they have a good defense in each case in that no consideration was given for the notes and both notes were accommodation notes and were issued for the purpose of enabling plaintiff to obtain credit and that the purpose of the accommodation has been fulfilled.

To each motion there was attached an affidavit duly signed and verified by the defendant, Mike Della Vella, certifying the truth of the allegations contained in the motions. Each affidavit further stated that each note was secured by a real estate and chattel mortgage and that The Central National Bank of Cleveland on the faith and security of the notes, extended a loan to plaintiff; that the bank's loan to plaintiff has been repaid and that the purpose of the accommodation has accordingly been fulfilled; that the notes were to be used for no other purpose than to secure the Central National Bank on its loan to plaintiff and therefore the defendants are not indebted in any amount on either of said notes.

It is evident that if the statements contained in the motions and in the supporting affidavits are true, they constitute a complete defense to the actions.

The trial court overruled the motions to vacate in both cases from which ruling the defendants have filed their appeals. A bill of exceptions was duly filed in each case. These bills of exceptions for the most part contain statements of counsel for both plaintiff and defendants made at the hearing and certain exhibits. No oral testimony was taken at the hearing and no affidavits were made a part of either bill of exceptions.

The plaintiff maintains that the said affidavits attached to and filed with the motions cannot be considered by this court in these appeals for the reason that the affidavits were not made a part of the bill of exceptions.

There is no question but that the general rule is as stated

by plaintiff, namely, that affidavits read on the hearing of a motion cannot be considered on appeal if not incorporated in a bill of exceptions, even although copied into the record by the court or its clerk. **Sheet v Williams, 21 Oh. St. 82; Goldsmith v State, 30 Oh. St. 208; Schultz v State, 32 Oh. St. 276.**

It is our opinion, however, that the rule in the above cases is not pertinent to and does not control this case.

Section 11637 GC provides:

"A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered * * * * * * * *."

Ordinarily and preferably the fact "that there is a valid defense to the action" would appear in a proposed answer to be filed by defendant at the time and as a part of the motion to vacate. §11637 GC however does not require that an answer should be filed. That the defendant has a valid defense to the action may appear in an affidavit filed with the motion and attached to and made a part of it.

The court in determining whether or not "there is a valid defense to the action" should not, on the hearing of the motion to vacate, go into the merits of the defense. The court should consider only the question whether or not the defense as stated, if true, would constitute a defense to the action.

In the case of **Resnick v Paryzek, 23 Oh. Ap. 327,** this court passed upon this question. In the syllabus it is stated:

"Truth of allegations of valid defense is not to be considered on motion to vacate default."

And the court said on page 328:

"This court has frequently held where a motion to vacate a judgment is filed that the presentation of a valid defense is sufficient ground for vacating the judgment and that a refusal to do so is an abuse of sound discretion. The court still holds these views and therefore the judgment of the lower court (refusing to vacate the judgment) is hereby reversed and the cause remanded for further proceedings according to law."

In the case of **Miller v McGill, 15 Abs. 511,** the Second District Court of Appeals considered and decided a case

similar to the instant case on its facts. The only difference between the two cases is that the defense in Miller v McGill appeared in a proffered answer whereas the defense in the instant case appeared in an affidavit attached to the motion. In that case the court said:

"The sole and only question for the determination of this court is whether or not there was an absue of discretion on the part of the trial court in refusing to open up the judgment and permit the defendant to file answer and to make defense. In proceedings to open up and permit defense after term, we find abundant authority for such opening up in cases similar to this, and certainly nothing less should be allowed on motion to open up during term. It is not the province of the court to conduct a hearing on the merits of the proffered answer. but rather he should confine himself as to whether or not it states a defense."

Miller v McGill was like the instant case also in the fact that the bill of exceptions contained "nothing except the trial statement of counsel and questions and rulings by the court."

In the cases now being considered the defendants presented as a part of their motions to vacate the judgments, affidavits to the effect that the notes of defendants on which the judgments had been secured were accommodation notes and that the debt for which the notes were an accommodation had been paid. The motions and accompanying affidavits are a part of the papers duly filed in the respective cases and therefore need not be made a part of the bill of exceptions. The merits of the defense in each case should have been tried by the court and it was an abuse of discretion for the trial court not to permit such a trial by refusing to vacate or to suspend the judgment.

In 31 American Jurisprudence 715, it is said:

"Under the tendency of the courts to require causes of action to be tried upon the merits, judgments by default are regarded as peculiarly within the rule conferring authority on courts to open, correct or vacate their own judgments. This is true also of the opening, modifying and vacating of a judgment by confession, especially where the judgment has been entered by virtue of authority granted on a warrant of attorney to confess judgment. Indeed, because of the summary nature of the proceedings in which a judgment is entered, under a warrant of attorney to confess judgment,

it has been declared that remedial action as to such a judgment will not be unduly limited."

These cases therefore are reversed with instructions to the trial court to grant leave to defendants to file their answer in each case and to suspend and to stay execution of the judgment in each case until the case is tried on its merits.

SKEEL P. J. and LIEGHLEY, J. concur.