**LOTT, Plaintiff-Appellant, v. OWYANG, D. D. S., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4051. Decided October 27, 1949.

Cecile J. Shapiro, Columbus, for plaintiff-appellant.

Humphrey & Montgomery, Columbus, Robert J. Montgomery, of Counsel, for defendant-appellee.

## OPINION

By THE COURT.

This is a law appeal from the Municipal Court of Columbus, Ohio, sustaining the defendant's petition to vacate judgment after term.

The record discloses that the action was one for malpractice by the defendant in his profession of dentistry. Motions were sustained attacking the petition, the first amended petition and the second amended petition. A third amended petition was filed to which no answer was filed within rule, and a default judgment was taken in the amount of $300.00. At the succeeding term of court a petition to vacate judgment was filed alleging that the third amended petition was not filed as required by law; that no copy of the third amended petition was served upon the defendant or his counsel, and that judgment was taken without notice to the de-

fendant or his counsel. A separate finding of fact and law was requested and the court in its finding held that all of the allegations of the petition to vacate the judgment had been sustained. The appellant is contending that the judgment of the court was contrary to law; that no answer was tendered showing an affirmative defense, and that there has been no such adjudication as required by §11637 GC; that even conceding the facts found by the trial court to be true they are not sufficient to sustain the judgment. The answer tendered is in the following words:

"Comes now the defendant and denies specifically that he was guilty of any negligence of any kind whatsoever at the time or times that he professionally attended the said plaintiff."

This is all that is contained in the record with reference to any defense the defendant may have. The petition to vacate contains no allegation as to a valid defense and the record does not disclose that any evidence was offered at the hearing which would tend to show the same. This court has passed upon this question in the case of **Canal Winchester Bank v. Exline, 61 Oh Ap 253,** syllabi 2 and 3:

"2. To suspend a judgment during the term in which the judgment is taken, if any of the grounds set forth in §11631 GC, are assigned as a reason for the action sought, it is necessary that the court find that the ground set forth in the motion is well made and further that an answer has been tendered with the motion showing that there is a valid defense to the action in which the judgment was rendered, in compliance with §11637 GC, and until it is adjudged that there is a valid defense to the action, such judgment will not be vacated upon motion or petition.

"3. The prerequisites to an adjudication of a valid defense, in an action to vacate a judgment, require more than a general denial of the averments of the petition which would be sufficient to state a defense before judgment."

At page 256, supra, the court quoted with approval from the case of Metzger v. Zeissler, 13 N. P. (N. S.), 49, the third syllabus of which provides:

"At the same time the defendant should proffer a verified answer to the petition, setting forth *affirmatively* facts showing nonliability in whole or in part. If the answer does not

state facts which, if established, would constitute a defense to the claim, the proceeding will be treated as at an end and the judgment will not be disturbed * * *." (Emphasis ours.)

The answer tendered by the defendant does not state an affirmative defense. It merely denies the alleged negligence on the part of the defendant which is a legal conclusion. It is not a factual allegation. The authorities for the rule that a showing be made which would constitute an affirmative defense are well discussed in the Canal Winchester Bank case, supra, and need no further comment.

We are of the opinion that the court erred in its judgment and that since the requirements of §11637 GC were not met, the judgment should have been in favor of the plaintiff-appellant. The cause is ordered remanded with instructions that such a judgment be entered.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.