MILLER ET, A PARTNERSHIP, D. B. A. MILLER TIRE SERVICE RETREAD
DIVISION, PLAINTIFF-APPELLEE, V. WILKINSON, D. B. A. WILKINSON
EQUIPMENT COMPANY, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Ashtabula County.

No. 580.   Decided November 5, 1963.

*Mr. Lyle Merritt*, for plaintiffs-appellees.
*Messrs. Warren & Young*, for defendant-appellant.

*Per Curiam.*   This appeal on questions of law is from the
overruling of defendant's second successive motion to vacate
a judgment entered for plaintiff by the Common Pleas Court.
In 1961 plaintiff filed a short form petition for recovery

of money only. In 1962, after many leaves, defendant filed an answer. Demurrer to the answer was sustained and leave to plead over was conditioned on defendant's showing cause therefor by motion and tendering of the pleading to the trial judge for examination before filing. Such leave expired February 23, 1963, without the showing of cause or tender of the pleading prior thereto, and on March 2, 1963, the default judgment was entered. On March 7, 1963, defendant moved to vacate the judgment. Journal entry overruling this motion was filed on March 18, 1963. On April 1, 1963, defendant filed a second motion to vacate the judgment alleging only, as he had in the first motion, that he had a valid defense to the action, and attaching to his motion an affidavit of merit. This motion was overruled on the same date and the appeal followed.

On motion we struck so much of the appeal as related to claimed error of the trial court in entering the judgment and to the claimed abuse of discretion in overruling the first motion to vacate, for the reason that appeal was not timely taken from these orders. The sole claim we can now consider is that the trial court abused its discretion in overruling the second motion, which was identical with the first.

It is claimed by appellee that the motion in question was fatally defective for the reason that no ground for vacation was stated in the motion, other than that a valid defense existed. Since the motion was filed in the same term of court we conclude that none need be stated, in the absence of rule of court requiring it. *First National Bank of Dunkirk, Ohio,* v. *Smith,* 102 Ohio St., 120; *Edge* v. *Stuckey,* 40 Ohio App., 122.

The power to vacate or modify judgments in term is in the exercise of sound discretion and appealable only for abuse thereof. *First National Bank* v. *Smith, supra.* The range of discretion on an initial motion to vacate may be quite narrow and limited to consideration of the timeliness of application and showing that in good faith the defendant was ready to interpose an adequate defense. *Edge* v. *Stuckey, supra.* It does not follow that this is true in a second successive motion based on the same grounds, for in such case the propriety of entry of judgment has already, rightly or wrongly, been passed upon once by the trial court. Consistency and regard for the prin-

ciples of res adjudicata alike would support the discretion exercised in overruling such a motion, unless based upon new grounds or a showing that some factor was overlooked by the trial judge in ruling on the first motion. No such showing is made, either by bill of exceptions or on the record in this case, and therefore no abuse of discretion is shown.

The judgment of the trial court is affirmed.

BROWN, P. J., FRANCE and JONES, JJ., concur.