McMillen, Appellee, v. Willard Garage, Inc., Appellant.

[Cite as McMillen v. Willard Garage, 14 Ohio App. 2d 112.]

(No. 709—Decided May 8, 1968.)

*Mr. Richard A. Betts,* for appellee.
*Mr. Daniel M. Snyder,* for appellant.

GUERNSEY, P. J. This is an appeal from an order of the Common Pleas Court of Hancock County overruling a motion to vacate a judgment on a cognovit note pursuant to warrant of attorney but without actual notice to the defendant, Willard Garage, Inc., purported to be the maker of the note. The motion to vacate judgment, which was filed within the same term of court as when the judgment was rendered, asserted as reasons for the vacation that the judgment "was for more than was due plaintiff [Arlo McMillen], * * * that defendant has a valid defense to said obligation and that defendant offered plaintiff settlement in full for said note." The motion was accompanied by defendant's affidavit that "there is nothing owed whatsoever by" defendant on the note. Subsequently, defendant filed with the clerk of courts an answer in the form of a general denial and a "counterclaim" asserting three causes of action unrelated to the making of the note. No bill of exceptions has been filed.

Although there is substantial authority that in these circumstances the appellate court may consider the allegations set forth in the motion and in the affidavit notwithstanding there is no bill of exceptions (*Lutkenhouse* v. *Vella,* 42 Ohio Law Abs. 520), without a bill of exceptions we do not have before us and may not consider any evidence adduced at the hearing on the motion. The issue then is whether the allegations of the motion and its supporting affidavit were sufficient, in and of themselves, to require the Common Pleas Court to vacate the cognovit judgment which it previously had rendered.

A motion to vacate judgment filed after term may, dependent upon the grounds which it sets forth, invoke either a statutory remedy under Section 2325.01 *et seq.,* Revised Code, or a common-law remedy. *Van DeRyt* v. *Van DeRyt,* 6 Ohio St. 2d 31. On the other hand, there being no statutory provision for a motion to vacate judgment filed within term, the proceedings on such motion are strictly of common-law origin and character. In some cases such motion has been compared to, or considered as, a motion for a new

trial. *Continental Trust & Savings Bank Co.* v. *Home Fuel & Supply Co.*, 99 Ohio St. 453, and *Miller* v. *Miller*, 56 Ohio Law Abs. 280, 283. Though authority exists that an order overruling a motion to vacate judgment filed during term is not an appealable order (Skeel's Ohio Appellate Law, Section 179), since an order overruling a motion for new trial is considered appealable and since cognovit judgments may be rendered without notice first being given to the actual obligor, it would seem to be better practice to consider an order overruling a motion to vacate a cognovit judgment as being appealable. Nevertheless, such orders are largely within the discretion of the trial court, coming within its modification prerogatives arising from its inherent control over its judgments during term, and may not be reversed except for abuse of that discretion. *First National Bank of Dunkirk* v. *Smith,* 102 Ohio St. 120; *Edge* v. *Stucky,* 9 Ohio Law Abs. 624; and *Miller* v. *Miller,* 56 Ohio Law Abs. 280. In the *Smith case* the Supreme Court stated that it "is a wholesome rule in furtherance of good practice, especially in reference to judgments taken on cognovit instruments and by confession" for a trial court to adopt the statutory procedure applicable to the vacation of judgments after term to motions to vacate judgments filed during term, but that such procedure "does not limit a court of general jurisdiction in the exercise of its control over its judgments during the term." This rule was reiterated in *Tims* v. *Holland Furnace Co.,* 152 Ohio St. 469, 473, cited with approval in the case of *Farley* v. *Pickett,* 177 Ohio St. 133. In the latter case the Supreme Court held:

"A court of record or of general jurisdiction which has rendered a judgment is empowered in the exercise of a sound discretion to open, vacate or modify it during the term at which it was rendered, and Chapter 2325 of the Revised Code, entitled 'Relief After Judgment' and pertaining to the vacation and modification of judgments after term, is without application."

Notwithstanding that the provisions of Chapter 2325, Revised Code, do not limit a trial court in the exercise of

its jurisdiction to vacate a judgment pursuant to motion filed during term, the measure of whether it abused its discretion in overruling the motion to vacate should be no greater or more severe than is the measure of a court's duty with regard to a motion or petition to vacate judgment filed after term. In *Livingstone* v. *Rebman,* 169 Ohio St. 109, the Supreme Court sets forth at length the duties of a trial court in determining whether a judgment should be vacated, or suspended, pursuant to a petition to vacate filed after term. Although the court split on some of its conclusions there appears to be no disagreement as to the conclusions that it is the duty of the trial court to first try and decide upon the ground for vacation, that a hearing upon evidence is contemplated, that mere allegations of grounds for vacation and of matters of defense are not sufficient, and that, in the case of the assertion that judgment upon warrant of attorney was taken for more than was due the plaintiff, something more than a mere prima facie showing of a defense is necessary.

A similar, but slightly more liberal viewpoint insofar as proof is concerned, was adopted by the Court of Appeals for Franklin County in *Canal Winchester Bank* v. *Exline,* 61 Ohio App. 253, involving a motion to vacate a cognovit judgment filed during term, where Judge Hornbeck stated at page 259, in his opinion:

"Obviously the prerequisites to an adjudication of a valid defense require more than a general denial of the averments of the petition which would be sufficient to state a defense before judgment. It is essential that the judge, who is called upon to suspend the judgment, must have enough factual information before him to require determination that the defendant has a valid defense. If the party moving to suspend the judgment can within the rules of pleading set out in his answer sufficient facts to apprise the court that he has a defense, this should be done and the adjudication can be made upon the averments of the answer. If, to set forth enough facts to disclose his defense, he would offend the rules of pleading by setting them

out in his answer, then they should be brought to the attention of the court by evidence orally or by affidavit. Unless the defense is a sham, the test which the court should apply to the facts is whether, if true, they state a complete defense in part or in whole to the cause of action set forth in the petition."

In the instant case we find that the motion and accompanying affidavit set forth legal conclusions only. The filed (or tendered) answer, if it may be considered at all and insofar as it purports to set forth a defense to the action on the cognovit note, sets forth a defense only by way of a general denial. Applying the standards set forth in the *Rebman case, supra,* or the slightly more liberal standards set forth in the *Exline case, supra,* we determine that the record before this court demonstrates only that the trial court acted properly in overruling the motion to vacate judgment. There are no facts in the record before us tending to prove the existence of a valid defense and thereby to show that the trial court abused its discretion. In the absence of a bill of exceptions setting forth such facts, the presumption of regularity of the trial court's order obtains.

Defendant-appellant's assignment of error is not well taken, and the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

COLE and BROWN, JJ., concur.

BROWN, J., concurring. The following are additional reasons for affirming the final order of the trial court in overruling the defendant's motion filed within term to vacate the judgment by confession.

In hearing and determining a motion within term, or a petition after term, to vacate or modify a judgment rendered on a promissory note containing a confession-of-judgment clause, the trial court is confronted with a two-pronged inquiry, where the motion or petition for vacation

alleges as grounds for vacation facts which call for the application of Subdivision (I) of Section 2325.01, Revised Code, which provides:

"The Court of Common Pleas or the Court of Appeals may vacate or modify its own final order, judgment, or decree after the term at which it was made:

"* * *

"(I) For taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

In determining the foregoing proceeding to vacate and set aside the judgment by confession, the trial court's function is that it must first try and decide upon the foregoing grounds to vacate the judgment by confession. Section 2325.06, Revised Code. *Livingstone* v. *Rebman,* 169 Ohio St. 109, paragraph one of the syllabus. This determination might, in some cases, involve the same evidence which is required to prove a tendered defense. *Livingstone* v. *Rebman, supra,* paragraph four of the syllabus.

Secondly, after the trial court decides that a valid grounds for vacation or modification of the cognovit judgment exists, the trial court next shall determine whether a tendered defense would, if true, have constituted an effective or valid defense in the original proceeding seeking judgment by confession. If the trial court first decides that there is a valid ground to vacate or modify a judgment by confession and then further decides that the tendered defense would, if true, have constituted an effective and valid defense in the original proceeding, it is the duty of the trial court to suspend judgment pending a trial on the merits of the defense. *Livingstone* v. *Rebman, supra,* paragraph three of the syllabus; *Bulkley* v. *Greene,* 98 Ohio St. 55, paragraph one of the syllabus; *Canal Winchester Bank* v. *Exline,* 61 Ohio App. 253, paragraph two of the syllabus.

In the instant case the defendant filed (or tendered) in support of his motion to vacate judgment an answer which contained only a general denial, and no affirmative defense, plus a counterclaim setting forth three separate

causes of action concerning transactions totally unrelated to, and not germane to, the execution of and consideration for the cognovit note upon which judgment was rendered.

Neither the foregoing answer nor the foregoing counterclaim is legally sufficient to constitute a basis or predicate for vacating or suspending the judgment by confession.

An answer tendered by a defendant seeking to vacate a judgment, which contains a mere general denial, is not sufficient for the prerequisite to an adjudication of a valid defense in an action to vacate a judgment. Section 2325.07, Revised Code; *Thompson* v. *Lowman,* 108 Ohio App. 453; *Canal Winchester Bank* v. *Exline,* 61 Ohio App. 253, paragraph three of the syllabus; *Lott* v. *Owyang,* 55 Ohio Law Abs. 525; *Davis* v. *Teachnor,* 41 Ohio Law Abs. 199; 32 Ohio Jurisprudence 2d 308, 320, Sections 619 and 638.

Likewise, a counterclaim is not a defense to the original action within the purview of the statute authorizing vacation of a judgment by confession. *Bulkley* v. *Greene,* 98 Ohio St. 55, paragraph three of the syllabus, and page 60 thereof; *Central Natl. Bank* v. *Standard L. & F. Co.,* 5 Ohio App. 2d 101; 32 Ohio Jurisprudence 2d 321, Section 638. These cases concerning a counterclaim applied to petitions to vacate judgments by confession *after term* at which rendered.

Therefore, there should be an evaluation of the case of *Ames Co.* v. *Busick,* 37 Ohio Law Abs. 403 (Court of Appeals, Franklin County, 1942), which holds that a judgment by confession on a cognovit note *may be* vacated *during term* under the inherent power of the trial court to permit the filing of an answer and cross-petition which states no affirmative defense, but only a counterclaim. In support of this proposition the Court of Appeals, in *Ames Co., supra,* cites the earlier case of *Daugherty* v. *Wilson,* 14 Ohio Law Abs. 655. It should be noted that in *Ames Co., supra,* at page 406 in the opinion, the Court of Appeals discussed with approval and distinguished the case of *Canal Winchester Bank* v. *Exline,* 61 Ohio App. 253 (see paragraph two of the syllabus), where the trial court *refused* to vacate

a judgment *during term,* the tendered answer containing only a general denial, and at pages 258 and 259 in *Canal Winchester Bank, supra,* the court held:

"If any of the grounds set forth in Section 11631, General Code, are assigned as a reason for the action sought, then it is necessary, first, that the court find that the ground set forth in the motion is well made and further that the provision of Section 11637, General Code, has been met. With the motion an answer should be tendered for filing. Section 11637, General Code, says that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered; that this adjudication is requisite to the suspension of a judgment has been held many times in Ohio. *Follett* v. *Alexander,* 58 Ohio St. 202, 50 N. E. 720; *Lee* v. *Benedict,* 82 Ohio St. 302, 92 N. E. 492; *Watson* v. *Paine,* 25 Ohio St. 340. This section relates to procedure to open up judgments *during as well as after term* as is manifest by the use of 'motion or petition,' a motion being the proper form during term, and petition after term." (Emphasis added.)

The reasoning and conclusions reached in the case of *Canal Winchester Bank, supra,* are sound. The standards established in that case and in the other cases cited require a conclusion that, in the case at bar, the answer and counterclaim tendered by the defendant are legally insufficient to require vacation of the judgment by confession. The trial court was correct in denying the motion to vacate the judgment.

BROWN, J., of the Sixth Appellate District, sitting by designation in the Third Appellate District.