## STATE ex KAISER v BUCKEYE STATE BUILDING & LOAN CO.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3147. Decided March 29, 1940.

Wilson & Rector, Columbus, for defendant-appellee, The Buckeye State Building & Loan Co., for the motion.
Henry L. Scarlett, Columbus; Max I. Ziskind, Columbus, and S. Myron Gurevitz, Columbus, for plaintiff-appellant, contra the motion.

### OPINION

BY THE COURT:

Submitted on motion of appellee to affirm the judgment for the reason that as the appeal is on questions of law it is necessary to consider the evidence taken in the trial court to determine the errors assigned and no Bill of Exceptions has been taken, filed or allowed.

The notice of appeal is directed to the order and judgment entered by the Court of Common Pleas on December 16, 1939, dismissing said cause upon the ground that "the relator, William L. Kaiser, was not qualified as a tax payer." "Said appeal is on questions of law." The judgment entry to which the appeal is directed recites "that the cause came on to be heard upon the motion of the defendant to dismiss the second amended petition of the plaintiff and was submitted to the court **upon the evidence** and the argument of counsel." (Emphasis ours).

An examination of the transcript of docket and journal entries discloses that a deposition was offered on the motion on behalf of the defendant and an affidavit on behalf of the plaintiff. It thus becomes apparent that the motion was determined upon evidence directed to the one question, namely, whether or not the plaintiff was a tax payer.

The affidavit appears in the transcript of docket and journal entries. The deposition is filed as a separate document with the papers in the case.

No Bill of Exceptions has been prepared or settled in the trial court nor filed in this court. It is obvious that the error complained of can only be exemplified by an examination of the evidence which was before the trial court on the motion. Depositions and affidavits can only be properly brought to the attention of the court by a Bill of Exceptions duly authenticated. 2 O. Jur. 470-471.

The motion will be sustained and the judgment affirmed.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.