**McINTOSH, Plaintiff-Appellee, v. McINTOSH, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2152. Decided November 16, 1951.

Daniel L. Dwyer, Dayton, Amicus Curiae, on behalf of plaintiff-appellee.

Charles Lee McIntosh, in his own behalf.

## OPINION

By HORNBECK, PJ.

Submitted on motion of appellee to dismiss the appeal for the reason that it was not perfected within the period provided by law. The motion is presented on the theory that the appeal is directed to the decree of divorce which was entered on April 6, 1949. However, the appeal is intended to and does relate to the overruling of a motion to vacate the decree of divorce which motion was overruled on March 3, 1951. The appeal was noted on March 12, 1951. The order of March 3, 1951, was final. **Cox v. Cox, 104 Oh St 611,** 136 N. E. 823. Therefore, the notice of appeal was within time and the appeal is properly before this Court. We therefore, consider the appeal on its merits.

The motion of defendant consisting of four branches, is based upon the claim that the trial court was without jurisdiction to pronounce the decree of divorce from which the appeal is prosecuted because he was not properly served with process in that at the time of the service he was an insane person and that the decree was obtained by fraud on the part of the plaintiff in that she knew of his mental condition and did not make it known to the trial court.

The grounds of the motion are sought to be sustained by affidavits of the appellant which were filed in the trial court but are not carried into a bill of exceptions. Affidavits can only be brought to the attention of a reviewing court by a bill of exceptions duly authenticated or by a certificate of a Court Stenographer as provided by statute. **Simes v. Dayton-Xenia Railroad Company, 24 Abs 595; State ex rel Kaiser v. Buckeye State Building & Loan Company, 31 Abs 599.**

If the affidavits could be considered on this appeal they disclose that at the time the action was instituted and during the time that the publication of the notice for service was being carried the appellant was an insane person. Before the hearing on the divorce petition and before decree of divorce was granted the defendant was restored to sanity.

Service by publication is a recognized method of bringing a defendant into the jurisdiction of the Ohio Courts in divorce cases, §11984 GC, when it is made to appear either that the

defendant is not a resident of this state or his residence is unknown. At the time that the petition for divorce was filed by the plaintiff an affidavit was presented to the effect that the defendant was not a resident of this state and this was the fact as was the statement of his last known address. In the early case, **Sturges v. Longworth, 1 Oh St 545, 550,** it is held that, in the absence of a statute providing otherwise, service of process on an insane defendant may be made by publication. If full credence is given to all that appears on behalf of defendant there is no showing of fraud practiced upon him by the plaintiff.

The proceeding to vacate the judgment was also faulty because it was instituted by motion instead of petition §11635 GC nor did it state that the defendant had defense to the cause of action set up in plaintiff's petition for divorce. **Canal Winchester Bank v. Exline, 28 Abs 327; State ex Kaiser v. Buckeye State Building & Loan Co., 31 Abs 599.**

The motion to dismiss will be overruled. The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.